# WILLIAM B. EDWARDS v. MARTIN R. ENGEN.

178 N. W. (2d) 731.

July 10, 1970—No. 41793.

*Mahoney & Mahoney, Geoffrey J. Mahoney,* and *John F. Angell,* for appellant.

*Schermer, Gensler, Schwappach, Borkon & Ramstead* and *Edward H. Borkon,* for respondent.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and James F. Murphy, JJ.

NELSON, JUSTICE.

On April 17, 1964, an automobile accident occurred at 46th Street and 46th Avenue South in Minneapolis, when defendant, Martin E. Engen, while driving his automobile, struck the left rear side of an automobile driven by plaintiff, William B. Edwards. Plaintiff brought this action for damages and recovered a verdict in the amount of $15,000. Defendant appeals from an order of the trial court denying his motion for a new trial on all issues or for a new trial on the issue of damages.

The issue of liability is not contested by defendant. Therefore, it is necessary only to consider those facts which relate to damages.

It appears from the record that upon impact plaintiff felt immediate pain on the inside of his right leg, starting in the groin area and shooting down the leg. Plaintiff did not seek medical attention at the time. The night of the accident he noticed that the pain in his groin continued, but he discovered that if he limped the pain would decrease. On April 21, 1964, plaintiff was examined by his physician, who referred him to Dr. Henry Hoffert, a surgeon. The following day, Dr. Hoffert examined plain-

tiff and advised him that corrective surgery was required. On April 24, surgery was performed.

Dr. Hoffert testified at the trial that plaintiff had an inguinal hernia on the right side and that he had performed the corrective surgery. Basically the operation consisted of a standard hernia repair, which repair thereafter remained intact. Following plaintiff's release from the hospital, the swelling subsided, but at the same time, his right testicle began to shrink in size. By April 1968, his right testicle had atrophied to 20 percent of its original size. Dr. Hoffert testified that the shrinkage of the testicle was permanent. He also stated that it was his opinion that the hernia which required surgery was directly caused by the accident and that the shrinkage of the testicle was directly connected to the corrective surgery.

Plaintiff testified that the original injury was painful and that after the operation he was in constant pain. After the injury started healing, the pain gradually subsided to the point where at trial four years after the accident plaintiff was in pain only half the time. He testified that the pain after the operation caused him to lose interest in having sexual relations with his wife and that this state continued for about one year. After that time, until trial, his ability to have sexual relations had been substantially reduced.

Plaintiff's wife testified that after the accident their sexual relations were greatly reduced due to the injury and that plaintiff was emotionally upset as a result.

Defendant raises two issues: (1) Did the trial court err in submitting future disability as an element of damages? (2) Did the trial court err in allowing the jury to consider as an element of loss of income the time lost from plaintiff's part-time practice of law?

■ Defendant contends that while it was clearly established that plaintiff suffered a permanent injury to his right testicle, there was no proof that the injury will cause him any disability in the future for which damages may be awarded. Defendant

argues that the only loss that a shrunken testicle could cause is loss of future sexual capacity and that plaintiff offered no evidence on this point.

Defendant's argument is invalid for two reasons: First, this court has recognized that some injuries are so complex that a layman is not qualified to prognosticate as to permanency and that for such injuries the plaintiff may recover only if permanent damages are assessed by a qualified medical expert. Rehnke v. Jammes, 283 Minn. 431, 435, 168 N. W. (2d) 494, 497; Lowe v. Armour Packing Co. 148 Minn. 464, 182 N. W. 610. In Rehnke the plaintiff was involved in two separate collisions which caused an injury to his back. The court ruled that expert testimony was necessary to determine whether one or both of two defendants had caused the injury. In Lowe the court held that when a plaintiff claims permanent injury to a limb, it is necessary that expert medical testimony be used to corroborate the allegation.

We are of the opinion, however, that the case at bar is distinguishable from Rehnke and Lowe. Plaintiff in the instant case did produce a medical expert who testified that the injury is permanent. Also, the shrinkage of a testicle is not like a back injury but rather is like the loss of a limb, about which a layman is qualified to prognosticate as to permanency. Rehnke v. Jammes, *supra*. As in the case of a lost limb, the jury might well consider the damages to plaintiff because of embarrassment and disfigurement caused by the shrinkage and permanent damage to his right testicle. Under the circumstances, the jury was entitled to award damages for future disability.

■ Second, this court has recognized that future damages or permanent injury may be proved by showing that plaintiff is not fully recovered at the time of trial. Pagett v. Northern Elec. Supply Co. 283 Minn. 228, 238, 167 N. W. (2d) 58, 65; Corcoran v. Perry, 282 Minn. 33, 162 N. W. (2d) 718.

In the case at bar plaintiff proved that his testicle had shrunk to 20 percent of its original size; that this caused him pain and

difficulty in having sexual relations with his wife; and that these conditions and difficulties continued up until trial, which was over four years after the collision.

This court has also recognized that where injury claimed relates to sexual activity, it should be closely scrutinized. Otos v. G. N. Ry. Co. 128 Minn. 283, 288, 150 N. W. 922, 924. But where, as in the instant case, there is competent medical testimony that plaintiff was permanently injured, and where both plaintiff and his wife testified as to the adverse effect this injury had on their sexual relations, the jury might properly consider the future disability caused by this injury in awarding damages. The trial court in instructing the jury on those elements it might consider in awarding damages included "such disability, disfigurement, embarrassment or emotional distress as the plaintiff was reasonably certain to experience in the future." We hold that this instruction correctly states the law and that the evidence taken most favorably to plaintiff supports the conclusion that plaintiff was permanently disabled and could reasonably be certain to suffer future disability.

■ Defendant also contends that the trial court erred in allowing the jury to consider as an element of loss of income the time lost from plaintiff's part-time practice of law. The court in that respect instructed the jury that it might consider as an element of damages "the value of the working time lost as a result of the injury from the time of the injury up to date." Other than lost income from his part-time law practice, plaintiff proved the loss of $650 from his employment as a claims adjuster and the loss of $390 from his service in the Air Force Reserve. The court's instructions were fair and reasonably correct as they relate to these items. Defendant contends, however, that it was error to allow plaintiff to testify that because of the injury, he had given up a part-time practice of law—20 hours per week—in which he had been engaged for 6 to 9 months prior to the accident.

It is clear from the record that defendant made no objection to this testimony when it was introduced. Also, plaintiff gave

no figures or amounts of what he lost from being unable to practice law. Under these circumstances, we conclude that allowing the jury to consider as an element of damages the loss of income from plaintiff's part-time law practice was not reversible error. It is more than likely that the size of the verdict is explained by elements of damages which might properly be considered by the jury, such as $1,040 lost income actually proved and $459.75 expended in medical bills, together with general damages attributable to pain and suffering and to future disability.

The trial court undoubtedly felt that any award made by the jury for the interrupted law practice would have been minimal. In any event, plaintiff would have been entitled to some consideration even if he had been unemployed at the time of the accident. Defendant has failed to demonstrate any prejudice and is not, in our opinion, in a position to rely upon his own inaction to upset the verdict in the instant case.

The verdict herein finds ample support in the evidence.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.