## JOHN HEVERON AND ANOTHER v. VILLAGE OF BELGRADE AND ANOTHER.

181 N. W. (2d) 692.

November 6, 1970—No. 42320.

*Johnson, Schmidt, Thompson, Schneider & Lindstrom,* for appellants.

*Carroll, Cronan, Roth & Austin,* for respondent village of Belgrade.

*Schermer, Gensler, Schwappach, Borkon & Ramstead,* for respondent village of Brooten.

ROGOSHESKE, JUSTICE.

This appeal from a judgment for defendants in these consolidated civil damage actions raises the single issue of whether or not the Civil Damage Act, Minn. St. 340.95, affords a remedy to persons who have been injured by the intoxication of a minor where such persons have themselves actively participated in furnishing intoxicating liquor to the minor without knowing that such person was a minor and without making inquiry as to his

age. We hold that it does not and affirm the decision of the trial court.

These actions arise out of an accident in which plaintiffs, John Heveron and Orin Stene, sustained personal injuries when an automobile in which they were passengers went off the highway while being driven by Jerry Lynn Rue, a minor. The issue presented is submitted upon stipulated facts. On December 20, 1965, plaintiffs, aged 23 and 21 respectively, and their companions, Duane Stene and Rue, were present as a party on the premises of the municipal liquor store of the defendant village of Brooten. While there, plaintiff Orin Stene, Duane Stene, and Rue purchased "rounds" of alcoholic beverages for the party. The four then drove to the municipal liquor store of the defendant village of Belgrade, where Rue drank four intoxicating drinks—one purchased by Duane Stene, one by plaintiff John Heveron, and two by himself. After they left the Belgrade store, the accident and resulting injuries occurred, which the parties agree was proximately caused by the illegal sales to Rue and his intoxication. At the time of the purchases, Rue was 19 years of age and did not appear to be intoxicated, but neither plaintiff knew or inquired of his age. On the basis of these stipulated facts, defendants assert the defense of complicity to plaintiffs' claims for damages authorized by § 340.95.

The Civil Damage Act, § 340.95, provides in part:

"Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; * * *."

Many decisions of this court have construed and applied this statute, but none has decided the precise issue presented and only a few have dealt with complicity as a defense to actions brought

under the statute. This court in Hempstead v. Minneapolis Sheraton Corp. 283 Minn. 1, 166 N. W. (2d) 95, and the United States Court of Appeals for the Eighth Circuit in Village of Brooten v. Cudahy Packing Co. 291 F. (2d) 284, aptly describe the act and its dual purpose of advancing the remedy and suppressing the mischief.

Although there is no statutory language defining the effect of complicity on a civil damage action, we have ruled that a person who voluntarily becomes intoxicated may not recover for injuries received as a result of his own intoxication, since only an "innocent" third person is entitled to the benefit of the Civil Damage Act. Sworski v. Colman, 204 Minn. 474, 283 N. W. 778; Cavin v. Smith, 228 Minn. 322, 37 N. W. (2d) 368; Randall v. Village of Excelsior, 258 Minn. 81, 103 N. W. (2d) 131. Neither may plaintiffs recover if they knowingly and actively participated in the events leading to the intoxication of a person who subsequently causes their injuries. Turk v. Long Branch Saloon, Inc. 280 Minn. 438, 159 N. W. (2d) 903. However, in the Hempstead case we held that the fact that plaintiff merely accompanies and drinks with the intoxicated person is not a bar to recovery. In this case, we are asked to further define the kind of participation which constitutes complicity barring recovery. Specifically, does lack of knowledge of a person's minority excuse plaintiffs' participation in the minor's intoxication, at least for the purpose of maintaining an action under the Civil Damage Act? As our decision in Turk declares, whether the statute contemplates recovery under these circumstances depends on the intent of the legislature. Because the legislative intent is not clear, we necessarily look to court decisions and policies relevant to the issue presented.

Statutes similar to § 340.95 are now in force in at least 16 states outside Minnesota.[1] The majority of these enactments are

---

[1] Ala. Code 1958, Title 7, § 121; Conn. Gen. Stat. 1958, § 30-102; Del. Code Ann., Title 4, § 716; Ill. Rev. Stat. 1967, c. 43, § 135; Iowa Code Ann. § 129.2; Maine Rev. Stat. Ann., Title 17, § 2002; Mich. Comp. Laws Ann.

essentially the same as the Minnesota law.[2] The Illinois dram-shop act is broader than our statute in that Illinois dramshop owners may be liable even if the sale of liquor was legal.[3] Some statutes are more limited in scope than § 340.95.[4] Decisions interpreting dramshop legislation have consistently recognized complicity as a defense, reasoning that the statutes were intended to benefit only innocent third parties. Most cases in point are consequently devoted to determining whether a claimant is an innocent party. Although one commentator notes that "no more confusion nor uncertainty exists in the field of dram shop litigation than in the area of 'innocent suitor' defenses," Matney, *The Illinois Dram Shop Act: Recent Developments*, 1967 U. Ill. L. Forum 116, 134, there appears to be virtual unanimity among

---

§ 436.22; N. Y. Civil Rights Law, § 16; N. C. Gen. Stat. (1969 Replacement) § 14-332; N. D. Century Code Ann. § 5-01-21; Ohio Rev. Code Ann. § 4399.01; Ore. Rev. Stat. § 30.730; R. I. Gen. Laws 1956, §§ 3-11-1, 3-11-2; Vt. Stat. Ann., Title 7, § 501; Wash. Rev. Code, § 71.08.080; Wyo. Stat. 1957, § 12-34.

[2] For the purposes of this appeal, the statutes of Alabama, Iowa, Maine, Michigan, New York, North Dakota, Rhode Island, and Vermont are nearly identical to the Minnesota act.

[3] Ill. Rev. Stat. 1967, c. 43, § 135, provides in part: "Every person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication, in whole or in part, of such person."

[4] In Connecticut, selling liquor to an intoxicated person may give rise to liability. A licensed dealer in Delaware may be held liable if he knowingly sells intoxicating drinks to an habitual drinker or one to whom a commission has prohibited sale. Similarly, other states limit the scope of parties causing compensable damage to some combination of the following: Habitual drunkards (Oregon, Washington, Wyoming), persons to whom sale has been prohibited (Ohio), intoxicated persons (Oregon), unmarried minors (North Carolina). Likewise, the persons who may recover under the statutes vary from a minor's father or mother (North Carolina) to "[e]very person who is injured" (Illinois). In some cases, notice not to sell liquor must be given tavern proprietors (Wyoming).

the courts in support of the proposition that in most situations voluntarily buying drinks for a party who becomes intoxicated and by reason thereof subsequently injures the buyer precludes recovery on the ground of complicity. See, e. g., Cookinham v. Sullivan, 23 Conn. Supp. 193, 179 A. (2d) 840; Osinger v. Christian, 43 Ill. App. (2d) 480, 193 N. E. (2d) 872; Kangas v. Suchorski, 372 Mich. 396, 126 N. W. (2d) 803.

There is less agreement about the effect of participation short of furnishing part or all of the intoxicating drinks. In some jurisdictions one need not purchase any liquor to be guilty of complicity. E. g., Holcomb v. Hornback, 51 Ill. App. (2d) 84, 200 N. E. (2d) 745; Phenicie v. Service Liquor Store, Inc. 23 Ill. App. (2d) 492, 163 N. E. (2d) 220. The New York court, on the other hand, in Mitchell v. The Shoals, Inc. 19 N. Y. (2d) 338, 341, 280 N. Y. S. (2d) 113, 116, 227 N. E. (2d) 21, 23, affirming 26 App. Div. (2d) 78, 271 N. Y. S. (2d) 137, said:

"* * * It is our view that the injured person must play a much more affirmative role than that of drinking companion to the one who injures him before he may be denied recovery * * *."

In that case, plaintiff did not purchase liquor; like the plaintiff in Hempstead, her participation was passive rather than active. But even those decisions do not lend persuasive support for plaintiffs' position in this case. Here, we have a case of *active* participation—furnishing drinks which caused a minor's intoxication—which clearly amounts to complicity unless ignorance of a companion's minor age excuses plaintiffs. We see no substantial reason that it should.

Clearly, the tavern owner's duty and responsibility under both § 340.73 and § 340.95 are great. Those statutes expose him to criminal and civil sanctions for illegally selling liquor, regardless of his subjective knowledge of the age of the purchaser. However, persons in a position such as plaintiffs are also subject to the sanctions of § 340.73, which prohibits "any person" from fur-

nishing intoxicating liquor to a minor. This penal statute imposed upon plaintiffs a duty to ascertain their companion's age or suffer the consequences of their misconduct.

In Dahl v. Northwestern Nat. Bank, 265 Minn. 216, 121 N. W. (2d) 321, we characterized § 340.95 as a strict liability statute. Liability thereunder is imposed "without regard to fault in the sense of any wrongful intent or negligent conduct." 265 Minn. 220, 121 N. W. (2d) 324. Contributory negligence is usually not a defense in cases of strict liability, nor is it a defense to liability under the Civil Damage Act. Turk v. Long Branch Saloon, Inc. *supra.* Dean Prosser has noted, however, that "the defense which consists of voluntarily and unreasonably encountering a known danger * * * will, in general, relieve the defendant of strict liability." Prosser, Torts (3 ed.) § 78. Analogously, in civil damage actions one's affirmative participation in another's intoxication which results in injury will relieve defendant of civil liability to the participating party.

Neither the Turk nor Hempstead decisions supports plaintiffs' argument. In the Turk opinion, we limited our decision to the facts of that case: The plaintiff had knowingly and actively participated in a minor's intoxication and was therefore guilty of complicity for purposes of the Civil Damage Act. We did not there decide the issue presented here. Likewise, in Hempstead the plaintiff did nothing to contribute to her sister's intoxication but accompany her. The plaintiff's passive participation was held not to amount to complicity. In that case she knew of her sister's minority and we in effect disregarded that knowledge; the physical nature of plaintiff's participation was considered controlling. So too here, the knowledge or ignorance of plaintiffs is not the controlling factor. To hold otherwise would in our opinion encourage those selling or furnishing liquor to a minor *not* to make diligent inquiry, thereby exposing the public to the danger the act was designed to prevent. If knowledge rather than active participation were the controlling factor, it would also subject bar owners to civil liability even to their employees

(barmaids and bartenders) who unknowingly serve liquor illegally and are consequently injured by an intoxicated patron, a result surely not intended by the legislature. See, e. g., Krotzer v. Drinka, 344 Ill. App. 256, 100 N. E. (2d) 518; Burnley v. Moore, 41 Ill. App. (2d) 156, 190 N. E. (2d) 141.

In reaching our conclusion, we reiterate the fact that the Civil Damage Act is both remedial and penal in nature. That dual function is not supplanted but rather advanced by our decision. Those who voluntarily and affirmatively participate in inducing the intoxication of a person in violation of § 340.73 encounter the risk of nonliability of the licensed dealer, whose liability to "innocent" third parties remains intact. We do not disregard the remedial aspects of the Civil Damage Act, since we hold only that plaintiffs are not among the persons to whom the legislature intended to provide a remedy. In short, in spite of the remedial characteristics of § 340.95, plaintiffs' complicity in this case bars their recovery.

Affirmed.