**Kenneth R. HERRLY, Appellant,**

v.

**Steven John MUZIK, Respondent,**

**Floyd A. Eastlund, d/b/a Forada Liquor Store, Respondent,**

**Edgar J. Paine, d/b/a Reno Inn, Respondent,**

**Jerome and Linda Miller, d/b/a The Barrell Inn, Defendants.**

**No. C1-84-307.**

Court of Appeals of Minnesota.

Oct. 2, 1984.

Keith M. Brownell, Duluth, David Jorstad, Minneapolis, for Herrly.

Thomas J. Reif, Thornton, Hegg, Reif & Johnston, Alexandria, for Muzik.

Michael P. McDonough, McDonough, Geck & Cronan, Minneapolis, for Eastland.

Eric Magnuson, Rider, Bennett, Egan & Arundel, Minneapolis, for Paine.

Logan N. Foremann, III, Stephen S. Eckman, Eckman, Strandness & Egan, P.A., Minneapolis, for amicus curiae MN Trial Lawyers Assoc.

Heard, considered, and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

WOZNIAK, Judge.

In this dram shop action, the three bars involved moved for a partial summary judgment on the ground that the plaintiff was barred from recovery because he had actively participated in the events leading to the drunkenness of the driver of the car in which he was injured. The trial court granted the motion. In an amended order, the trial court certified that there was no just reason for delay and judgment was entered under Rule 54.02 of the Minnesota Rules of Civil Procedure. The plaintiff appeals. We reverse and remand.

## FACTS

Kenneth Herrly and Steven Muzik were friends. On April 17, 1981, they decided to go drinking. Hopping from bar to bar, they bought for each other and drank eight-pack upon twelve-pack, round upon round. By all rights, they should not have been standing, let alone driving, that night. Drive they did, however, with tragic results. Muzik, who was driving, rolled his truck. Herrly fractured his spine and is now a quadriplegic.

## ISSUE

Is the complicity defense still valid in dram shop actions after the legislature engrafted comparative fault into the Dram Shop Act?

## ANALYSIS

The Civil Damages Act, better known as the Dram Shop Act, penalizes bars which

serve alcohol to persons already intoxicated. It does so by providing that:

> Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, or incurs other pecuniary loss by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling or bartering intoxicating liquors or non-intoxicating malt liquors, caused the intoxication of that person, for all damages sustained.
> * * *

Minn.Stat. § 340.95 (1982).

The Dram Shop Act is "both remedial and penal in nature, intended by the legislature both to suppress the illegal furnishing of liquor and to provide a remedy." *Martinson v. Monticello Municipal Liquors,* 297 Minn. 48, 54, 209 N.W.2d 902, 906 (1973). In keeping with that purpose, the Minnesota Supreme Court interpreted an older, pre-comparative fault version of the statute to bar recovery by one who "voluntarily and affirmatively participate[s] in inducing the intoxication of a person * * *." *Heveron v. Village of Belgrade,* 288 Minn. 395, 401, 181 N.W.2d 692, 695 (1970); *see Martinson,* 297 Minn. 48, 209 N.W.2d 902; *Turk v. Long Branch Saloon, Inc.,* 280 Minn. 438, 159 N.W.2d 903 (1968); *see also Hempstead v. Minneapolis Sheraton Corp.,* 283 Minn. 1, 166 N.W.2d 95 (1969) (passive participation does not bar recovery). This bar to recovery is commonly known as the complicity defense.

The rationale for complicity is that, in enforcing the dual purposes of the Act, a "wrongdoer is not among those persons to whom the legislature intended to provide a remedy * * *." *Martinson,* 297 Minn. at 54, 209 N.W.2d at 906. In *Turk,* the Supreme Court noted that "a person who buys drinks for an obviously intoxicated person * * * is at least as much the cause of the resulting or continued intoxication as the bartender who served the consumer illegally." 280 Minn. at 442, 159 N.W.2d at 906.

■ The respondent bars in this case read the language from *Martinson* to mean that the injured drinking companion has no cause of action under the dram shop action. A closer examination of the cases reveals, however, that the legal reason for denying recovery to one in complicity is that that person has assumed the risk. The Dram Shop Act is a "strict liability statute." *Heveron,* 288 Minn. at 400, 181 N.W.2d at 695. Although the court notes that contributory negligence was not then a defense in strict liability (comparative fault is now a defense, however; *see* later paragraph), "the defense which consists of voluntarily and unreasonably encountering a known danger * * * will, in general, relieve the defendant of strict liability." *Id.* (quoting W. Prosser, A Handbook on the Law of Torts § 78 (3d ed. 1964)). Dean Prosser's statement was in relation to assumption of the risk. Complicity, the court noted, was an analogous situation. On an assumption of the risk theory, the *Heveron* court denied recovery to one guilty of complicity.

■ A number of things have changed in this area of the law since *Turk, Heveron,* and *Martinson:* the legislature adopted comparative negligence and then comparative fault; comparative fault analysis was applied to strict liability cases; assumption of the risk was subsumed by comparative fault; and the legislature specifically included comparative fault in the Dram Shop Act. In 1969, the legislature adopted a modified comparative negligence statute. Act of May 23, 1969, ch. 624, § 1, 1969 Minn.Laws 1069, 1069. The statute was amended to become a comparative fault statute in 1978. Act of April 5, 1978, ch. 738, § 6, 1978 Minn.Laws 836, 839–40. Fault is defined as:

> acts or omissions that are in any measure negligent or reckless toward the person or property of the actor or others, or that subject a person to *strict tort liability.* The term also includes breach of warranty, unreasonable *assumption of the risk* not constituting an express consent, misuse of a product and unreason-

able failure to avoid an injury or to mitigate damages.

Minn.Stat. § 604.01(1a) (1982) (emphasis added). The definition is expansive enough to include many actions not previously covered by contributory or comparative negligence. Note, *The Scope of Comparative Fault in Minnesota,* 9 Wm. Mitchell L.Rev. 299 (1984). Although the dram shop action is not specifically mentioned, strict liability, on which *Heveron* states the dram shop action is predicated, and assumption of the risk, which is the basis for the complicity defense, are included.

■ In *Busch v. Busch Const. Co.,* 262 N.W.2d 377 (Minn.1977), the Minnesota Supreme Court held that strict liability could be compared with negligence under the then comparative negligence statute. A dram shop action, as a strict liability action, is subject to comparative fault.

■ In *Springrose v. Willmore,* 292 Minn. 23, 192 N.W.2d 826 (1971), the Minnesota Supreme Court held that assumption of the risk is not a separate and absolute defense, but rather is comparable negligence. This court has reaffirmed *Springrose* under comparative fault. *Kantorowicz v. VFW Post # 230,* 349 N.W.2d 597, 599 (Minn.App.1984). Complicity, as a form of assumption of the risk, should also be compared as fault rather than be an absolute defense.

The legislature has specifically included comparative fault into the Dram Shop Act. Act of June 2, 1977, ch. 390, § 1, 1977 Minn.Laws 887, 887. The statute now provides that:

> [a]ctions for damages based upon liability imposed by this section shall be governed by section 604.01. The provisions of section 604.01, as applied under this section, do not apply to actions for injury to person, property, or loss of means of support brought by a husband, wife, child, parent, guardian or other dependent of an intoxicated person.

Minn.Stat. § 340.95 (1982). Counting the exclusion of all dependents of the intoxicated person, comparative fault could only be applied to an "employer and other person who is injured." It is difficult to see how employers could be guilty of any comparable fault. The drinking companion seems to fit squarely in the category of other injured persons. Given the changes in contributory negligence law and the statutory inclusion of comparative fault into the Dram Shop Act, the intent is to compare complicity as "fault" with the bar owner's "fault" of serving alcohol to an intoxicated person.

This result better carries out the two-fold policy of penalty and reparation than the old absolute defense complicity rule. Undoubtedly, the drinking companion is partially to blame for the driver's drunken condition. Nonetheless, the bars are also at fault, plus they are in a superior position to avoid the harm since they have direct control over the alcohol and can better judge drunkenness than the two inebriated companions. Both are at fault. Yet, under the old rule, the injured drinking companion would bear all the punishment while the bar bore none. The policy of compensating those injured was totally thwarted.

By permitting the jury to compare Herrly's fault with the fault of the bars, the purpose of fairly apportioning liability, consistent with the Dram Shop Act, is accomplished. The injured drinking companion receives some compensation so that the remedial aspects of the statute are satisfied. Yet, he is penalized, for his recovery is reduced by whatever percentage of fault is attributable to him. The bar, which is also at fault, is also penalized by paying some damages, albeit a reduced amount of damages.

### DECISION

The order dismissing the defendant bars was in error since whatever complicity Herrly may have been guilty of must be compared as fault, rather than work as an absolute bar to his case.

Reversed and remanded.