K.R., Appellant,

v.

Brandon SANFORD, et al., Defendants,

The Committee, Inc., d/b/a First Avenue & 7th St. Entry, Respondent.

No. C2–98–1377.

Court of Appeals of Minnesota.

Feb. 3, 1999.

James C. Wicka, Susan M. Coler, Messerli & Kramer P.A., Minneapolis, for appellant.

Eugene C. Shermoen, Jr., Joseph W. Waller, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, and Andrew L. Marshall, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for respondent The Committee, Inc.

Considered and decided by WILLIS, Presiding Judge, HALBROOKS, Judge, and HOLTAN, Judge.

## OPINION

WILLIS, Judge.

Appellant K.R. challenges the district court's grant of summary judgment to respondent The Committee, Inc., d/b/a First Avenue & 7th Street Entry (First Avenue), arguing that the district court erred in finding (1) that she was not entitled to maintain a cause of action under the Liquor Act's civil liability section, commonly known as the Civil Damage Act (CDA), and (2) that no relevant questions of fact remain concerning K.R.'s complicity in an illegal sale of alcohol. We reverse and remand.

## FACTS

K.R. worked as a bartender and assistant to security staff management at First Avenue, a Minneapolis nightclub, and was working at the club on the night of December 21–22, 1996. Before closing time, a former co-worker and First Avenue regular, Sergio Vargas, gave K.R. money to buy him a bottle of vodka. At approximately 4:00 a.m., after the bar closed and well after the time when alcohol legally can be sold, a First Avenue manager sold K.R. a bottle of vodka that

K.R. delivered to Vargas. After leaving First Avenue, K.R., Vargas, and two other men, Brandon Sanford and Douglas Schneider, shared the vodka at Sanford's apartment, where the men sexually assaulted K.R.

K.R. brought a claim under the CDA against respondent First Avenue. First Avenue moved for summary judgment, arguing that K.R. did not have standing to sue under the CDA because she illegally purchased alcohol. The district court granted the motion, and this appeal followed.

## ISSUE

Is complicity in an illegal sale of alcohol an absolute bar to recovery in an action under Minn.Stat. § 340A.801?

## ANALYSIS

On appeal from summary judgment, this court determines whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). The evidence is to be viewed in the light most favorable to the party against whom the motion was granted. *Id.* at 427. The construction of a statute is a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

K.R. contends that the district court erred in determining that she was not entitled to maintain a cause of action under the CDA because she illegally purchased alcohol. The CDA provides:

A spouse, child, parent, guardian, employer, *or other person* injured * * * by an intoxicated person * * * has a right of action * * * against a person who caused the intoxication of that person by illegally selling alcoholic beverages.

Minn.Stat. § 340A.801, subd. 1 (1998) (emphasis added).

The issue before the district court was whether a party complicit in an illegal sale of alcohol is an "other person" with a right of action under the CDA. Before 1990, it was clear that a complicit party could not recover under the CDA for any injuries the complicit party suffered as a result of the illegal sale.[1] Between 1968 and 1985, the Minnesota Supreme Court repeatedly held that the purpose of the CDA is to protect innocent third persons and that a complicit party is not innocent and thus cannot recover as an "other person" under the CDA. *See Herrly*, 374 N.W.2d at 278 (holding that passenger who provided alcohol to driver prior to car accident could not recover under the CDA); *Martinson v. Monticello Mun. Liquors*, 297 Minn. 48, 56, 209 N.W.2d 902, 907 (1973) (holding that complicity barred recovery where plaintiff furnished drinks to person he knew or should have known was intoxicated); *Heveron v. Village of Belgrade*, 288 Minn. 395, 400–01, 181 N.W.2d 692, 695 (1970) (holding that plaintiffs could not recover under CDA where they actively participated in furnishing liquor to minor without knowing or making inquiry as to his age); *Turk v. Long Branch Saloon, Inc.*, 280 Minn. 438, 441–42, 159 N.W.2d 903, 905–06 (1968) (holding that injured party who purchased alcohol for minor tortfeasor could not recover under CDA).

The issue in *Herrly* was whether complicity remained a complete defense to a claim under the CDA after a 1977 amendment making the comparative-fault statute applicable to CDA claims. 374 N.W.2d at 276. The supreme court held that, absent a clear indication from the legislature that it sought to expand the class of persons protected by the CDA, complicity remained an absolute bar to recovery. *Id.* at 278–79. The court stated that had the legislature wanted to overturn the cases that found complicity to be an absolute bar to recovery, "we suspect that it would have had no difficulty in making that intention clear." *Id.* at 278.

---

1. While the district court characterized the issue as one of standing, defining standing as "a convenient term to denote a person entitled to maintain an action under the Civil Damage Act," the complicity defense has been described by the supreme court as "an absolute bar to recovery." *Herrly v. Muzik*, 374 N.W.2d 275, 276 (Minn. 1985).

■ The Minnesota comparative-fault statute, Minn.Stat. § 604.01 (1998), continues to apply to CDA actions. *See* Minn.Stat. § 340A.801, subd. 3 (1998) (stating that CDA actions are governed by section 604.01). K.R. argues that she has a right of action under the CDA because in 1990 the legislature amended the definition of "fault" in the comparative-fault statute to include the "defense of complicity under section 340A.801." K.R. contends that this amendment eliminates the judicially created bar against recovery under the CDA by complicit parties and makes complicity a factor to be considered in determining a party's comparative fault. We agree.[2]

If complicity in an illegal sale were still an absolute bar to recovery under the CDA, consideration of the defense of complicity in determining comparative fault would be unnecessary. The 1990 amendment would therefore be a nullity. We are constrained to assume that the legislature intended the 1990 amendment to have meaning. *See* Minn. Stat. §§ 645.16 (1998) (providing that every law shall be construed to give effect to all its provisions where possible), 645.17(1)-(2) (1998) (directing that courts should presume that legislature did not intend result that is impossible of execution and that it intends entire statute to be effective and certain).

No Minnesota appellate court has previously considered the effect of the 1990 amendment on the issue of whether a complicit party can recover under the CDA. But in a recent case, the supreme court stated:

> [C]onsistent with our previous construction of the term "other person," we conclude that the term "other person" refers to *any* other person injured by the intoxication of another and who played no role in causing the intoxication.

*Lefto v. Hoggsbreath Enters., Inc.*, 581 N.W.2d 855, 857 (Minn.1998). The dissent relies on this language in concluding that K.R. was complicit in an illegal sale, and she is not, therefore, an "other person" within the meaning of the CDA. But the question before the supreme court in *Lefto* was whether an accident victim's fiancee and her daughter were "other persons" within the meaning of the CDA. *Id.* at 856–57. The court concluded that they were and thus had a right of action under the CDA. *Id.* at 857–58. Whether a party complicit in an illegal sale of alcohol is an "other person" under the CDA was not an issue in *Lefto*. The supreme court, therefore, had no cause to consider the 1990 amendment, and it did not do so.

■ Because complicity was not at issue in *Lefto*, we conclude that the language "who played no role in causing the intoxication" in the supreme court's definition of "other person" is dictum. Dicta are expressions in a court's opinion that go beyond the facts before the court and therefore are the individual views of the author of the opinion and not binding in subsequent cases. *State ex rel. Foster v. Naftalin*, 246 Minn. 181, 208, 74 N.W.2d 249, 266 (1956); *see also Kastigar v. United States*, 406 U.S. 441, 444–45, 92 S.Ct. 1653, 1662, 32 L.Ed.2d 212 (1972) (stating language unnecessary to decision "cannot be considered binding authority"). We disagree with the dissent's assertion, without citation of authority, that inclusion of the unnecessary language in the court's syllabus has significance. What matters is whether the

---

**2.** In 1988, the Minnesota legislature formed the Minnesota Injury Compensation Study Commission, which studied various aspects of the state's tort system, including compensation for injuries, consistency of results, and fairness of the system. *See* 1988 Minn. Laws ch. 503, § 4 (creating study commission). The commission's report to the legislature discussed both *Turk* and *Herrly*, suggested that the status of complicity as a complete defense to claims under the CDA was inconsistent with "other facets of contributory negligence already subject to comparison under the Comparative Fault Act," and recommended

> that the defense of complicity no longer be a complete defense but rather that it be consid-

ered a partial defense subject to comparison under the Comparative Fault Act. This can be achieved by amending the definition of "fault" in the Comparative Fault Act, section 604.01, subdivision 1a, to include the defense of complicity.

In its 1990 session, the legislature did precisely what the commission's report recommended and amended the definition of "fault" in the comparative-fault statute to include the "defense of complicity under section 340A.801." *See* 1990 Minn. Laws ch. 555, § 20 (amending Minn.Stat. § 604.01, subd. 1a).

language in question was necessary to the court's decision. In *Lefto*, it was not.

Further, with regard to complicity, the supreme court's statement of intent to remain "consistent with our previous construction of the term 'other person'" can refer only to cases decided before the 1990 amendment; there are no post–1990 cases involving complicity in an illegal sale of alcohol, so there are no cases that have defined "other person" in light of the amendment and have nonetheless decided that a plaintiff must have played "no role in causing the intoxication" to have a right of action under the CDA.

Finally, we believe that *Lefto* should not be read to nullify the 1990 amendment without even mentioning it.

■ We conclude that with the 1990 amendment to the comparative-fault statute the legislature did exactly what the supreme court in *Herrly* suggested it could do: It made clear its intention to eliminate the judicially created absolute bar to recovery under the CDA by complicit parties. We therefore reverse the district court's grant of summary judgment and remand the case for further proceedings. Because of the ground for our decision, we do not address the issue of whether there are genuine issues of material fact regarding whether K.R. was complicit.

## D E C I S I O N

The district court erred in concluding that K.R. is not entitled to maintain a cause of action under Minn.Stat. § 340A.801 on the ground that she illegally purchased alcohol. Because of the 1990 amendment to the comparative-fault statute, complicity in an illegal sale of alcohol is a factor to be considered in comparing fault.

**Reversed and remanded.**

HARVEY A. HOLTAN,* Judge, dissenting.

I respectfully dissent. Subsequent to the 1990 amendment to the comparative fault statute, the Minnesota Supreme Court filed

*Lefto v. Hoggsbreath Enters., Inc.,* 581 N.W.2d 855 (Minn.1998). The issue in *Lefto,* as in the instant case, is the interpretation of the term "other person" as used in the Civil Damages Act, Minn.Stat. § 340A.801, subd. 1 (1998). This court must assume the supreme court considered the scope of the 1990 amendment in *Lefto* when it defined "other person" as follows:

> [C]onsistent with our previous construction of the term "other person," we conclude that the term "other person" refers to *any* other person injured by the intoxication of another and who played no role in causing the intoxication.

*Lefto,* 581 N.W.2d at 857. Appellant is not an "other person" within the meaning of the statute because the record supports the district court's finding that the sale in question was illegal and that appellant played a role in causing the intoxication.

The majority opinion's contention that the supreme court's *Lefto* definition of "other person" is merely dictum is contradicted by its inclusion in the "Syllabus by the Court." *Id.* at 855. The supreme court, without directly attacking the amended comparative fault statute, preempted the operation of the statute in the instant case by its interpretation of "other person," but did not preempt its operation in *Lefto.*

*Lefto* retains the benefit of the amended comparative fault statute, Minn.Stat. § 604.01, subd. 1a (1998), for application to all persons described in the category of persons contained in Minn.Stat. § 340A.801, subd. 1 (1998), to protect the historic relational and mutual obligations these persons have with the injured person. "Other person," or as *Lefto* holds, "any other person," does not have the same interest to protect. Because, in *Lefto,* complicity was not involved in any way, factually or legally, we must accept *Lefto's* definition of "other person" as a generic definition applicable to all cases.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.