EDWARD JOHN TURK, JR. v. LONG BRANCH SALOON, INC., AND OTHERS.
ALAN D. BALAVANCE AND OTHERS, THIRD-PARTY DEFENDANTS.

159 N. W. (2d) 903.

June 21, 1968—No. 40,587.

---

*O'Leary, Trenti, Berger & Carey* and *Paul Q. O'Leary,* for appellant.
*Spellacy, Spellacy & Lano,* for respondent Telega.
*Sullivan, McMillan, Hanft & Hastings, Edward T. Fride,* and *Noel P. Muller,* for respondent Royal Lounge, Inc.
*Gordon Rosenmeier,* for respondent Long Branch Saloon.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

On November 12, 1964, at approximately 1 a. m., plaintiff, an adult, sustained personal injury while riding as a passenger in an automobile owned and operated by Alan D. Balavance, then 20 years of age. Action was instituted on the theory that plaintiff has a right of action for damages because of Minn. St. 340.95, which provides:

"Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; * * *."

The trial court granted motions made by defendants and third-party defendant Dolly E. Hoffman for summary judgment on facts developed through pretrial depositions and which, so far as now relevant, are not in dispute. The judgment from which the appeal is taken was then entered.

The issue for decision is whether by reason of § 340.95 a person who is injured because of the intoxication of another can recover the damages sustained even though he himself participated actively and knowingly in the process of "illegally selling, bartering or giving" the intoxicating liquor to a minor whose resultant intoxication caused the injury.

A finding that plaintiff was actively and knowingly involved in the events which gave rise to the intoxication of Balavance appears inescapable in light of these facts disclosed by the record:

As a result of arrangements made during the afternoon of November 11, 1964, plaintiff, Balavance, and two other companions made a tour of bars located in places including Aurora, Gilbert, Virginia, and Biwabik, Minnesota, during the course of which they visited about six liquor establishments and consumed perhaps as many as 15 to 20 servings of intoxicating liquor apiece. In addition, service was apparently refused at one bar and they were denied entrance to another.

At the places they visited, each of the group would on occasion pay for a round of drinks. Because plaintiff apparently had more money than the others, it is probable that he bought more than his share. Plaintiff also joined with Balavance and one of the others in buying the gas used on the tour. He had known Balavance for many years and knew that he was not 21. At the time the arrangements for the venture were made, plaintiff was sober and fully aware of what the general pattern for the evening's activities would be. The young men had been moving about and drinking together for at least 6 hours when Balavance, while taking one of the group to his home in Aurora, collided with a parked car. This accident caused the damages for which plaintiff seeks to recover from the dealers who supplied intoxicating liquor to Balavance.

If the asserted right of action exists, it is because of § 340.95. Whether the statute permits recovery in this situation depends, in turn, on the intent of the legislature. But the language of the statute, considered without reference to prior judicial construction of it, does not make this

intent clear. Recovery may or may not have been intended, depending on the legislative purpose accounting for the enactment of the law.[1]

If the purpose was to impose the loss resulting from intoxication upon those who illegally supply the liquor, regardless of participation by the person sustaining the loss, recovery by the intoxicated person himself would be permitted. But, although the language of the statute does not forbid recovery in such a situation specifically, we have denied it consistently upon the ground that the objective of the law would not be served by treating a person injured by his own intoxication as a "person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person" within the meaning of the statute.[2]

On the other hand, we have held that where the person asserting the cause of action did not participate in the process by which the liquor which caused the intoxication was illegally sold, bartered, or given, his contributory negligence does not bar recovery, because the legislative objective undergirding the statute would not be served if fault on the part of the person damaged, wholly unrelated to the illegal furnishing of the liquor, could insulate the supplier from liability.[3]

From these prior decisions, and the language used in opinions of this court where the issue now before us was not directly presented,[4] we con-

---

[1] For a detailed analysis of our decisions supporting the conclusion that the purpose of our statute as seen by this court has been in part to suppress the mischief caused by those who furnish liquor illegally and in part to provide an effective remedy to persons damaged as a consequence, see Village of Brooten v. Cudahy Packing Co. (8 Cir.) 291 F. (2d) 284, 293.

[2] Sworski v. Colman, 204 Minn. 474, 283 N. W. 778; Mayes v. Byers, 214 Minn. 54, 7 N. W. (2d) 403, 144 A. L. R. 821; Cavin v. Smith, 228 Minn. 322, 37 N. W. (2d) 368; Randall v. Village of Excelsior, 258 Minn. 81, 103 N. W. (2d) 131.

[3] Beck v. Groe, 245 Minn. 28, 70 N. W. (2d) 886, 52 A. L. R. (2d) 875; Kvanli v. Village of Watson, 272 Minn. 481, 139 N. W. (2d) 275. See, also, Adamson v. Dougherty, 248 Minn. 535, 81 N. W. (2d) 110; Hartwig v. Loyal Order of Moose, 253 Minn. 347, 91 N. W. (2d) 794, 75 A. L. R. (2d) 459.

[4] In Mayes v. Byers, 214 Minn. 54, 63, 7 N. W. (2d) 403, 407, we said:

clude that the protection to the public afforded by § 340.95 was not intended by the legislature to be extended to persons who participate knowingly and affirmatively in the illegal sale, bartering, or gift of the intoxicating liquor. To hold otherwise, we believe, would be to permit one who has been an intentional accessory to the illegality to shift the loss resulting from it to a person no more responsible for the damage than he himself has been. So considered, the case is different from that of the party who suffers loss at the hands of a person with whose intoxication he had no involvement and where we say in effect that Minnesota's policy against supplying liquor illegally[5] is so strong that recovery will be allowed even though the damaged person, in respects unrelated to the intoxication, may have failed to exercise reasonable care for his own safety. The person asserting the right of action in such a situation has had nothing to do with the illegal furnishing of the liquor. In contrast, a person who buys drinks for an obviously intoxicated person, or one whom he knows to be a minor, is at least as much the cause of the resulting or continued intoxication as the bartender who served the consumer illegally. Finally, having declared that the person who becomes intoxicated as a result of illegal sale, barter, or gift cannot recover, how can we reasonably attribute to the legislature an intent to allow recovery to the participating accessory who, in some cases at least, may be as much or more responsible for the violation of the liquor laws than the one who consumes the intoxicant? The concessions sometimes made to minors because of presumed immaturity cannot run in favor of the adult who, knowing the age of his companion, accompanies him to a bar and, implicitly representing that all are of age, purchases the drinks that cause

---

"Section 340.95 does not manifest a legislative intent to protect the beneficiaries of the statute from their own failures or to impose a penal liability."

In Randall v. Village of Excelsior, 258 Minn. 81, 83, 103 N. W. (2d) 131, 133, we said: "The Civil Damage Act does not create a cause of action in favor of one injured by his own intoxication. Only an innocent third person who is injured as a result of the intoxication of another is entitled to its benefits."

[5] Note, Schmidt v. Driscoll Hotel, Inc. 249 Minn. 376, 82 N. W. (2d) 365.

the intoxication.[6] If the plaintiff in the present case did not know of the minority of his companion, this argument would not apply of course, but the record is clear that he was intimately acquainted with Balavance and acutely aware of his minority.

Our conclusion is that the granting of summary judgment in the defendants' favor should be affirmed. This disposition under the facts of the present case has the support of decisions of appellate courts of other jurisdictions where the problem has arisen under statutes similar to § 340.95.[7] Whether the same result would follow if plaintiff's involvement in the illegal sale, barter, or gift was casual or passive only, we need not and do not now decide.[8] Also, the question of whether the same considerations would control an action on a bond filed pursuant to § 340.12 can be left for decision until such a case is presented.[9] Our determination here is simply that one who knowingly and actively participates in events leading to the intoxication of a minor has no right of action under § 340.95 for recovery of damages caused by the intoxication thus produced.

Affirmed.

---

[6] Minn. St. 340.79 provides: "Any person who shall give to, procure or purchase, intoxicating liquors for any minor person or other person to whom the sale of intoxicating liquors is by law forbidden, is guilty of a gross misdemeanor and, upon conviction, shall be punished in accordance with the laws of the state."

Minn. St. 340.80 provides: "Any person who shall assist, procure or induce any minor or other person to whom the sale of liquor is by law forbidden, to enter or visit any saloon, bar, buffet or public drinking place for the purpose of obtaining intoxicating liquors, is guilty of a gross misdemeanor; and, upon conviction, punished therefor according to the laws of the state."

[7] See, Morton v. Roth, 189 Mich. 198, 155 N. W. 459; Cookinham v. Sullivan, 23 Conn. Supp. 193, 179 A. (2d) 840; Meier v. Pocius, 17 Ill. App. (2d) 332, 150 N. E. (2d) 215. See, 48 C. J. S., Intoxicating Liquors, § 446; 30 Am. Jur., Intoxicating Liquors, § 547; Note, 46 Minn. L. Rev. 169.

[8] See, Mitchell v. The Shoals, Inc. 26 App. Div. (2d) 78, 271 N. Y. S. (2d) 137, affirmed, 19 N. Y. (2d) 338, 280 N. Y. S. (2d) 113; Annotation, 65 A. L. R. (2d) 923, 933.

[9] Note, Mayes v. Byers, 214 Minn. 54, 7 N. W. (2d) 403; Adamson v. Dougherty, 248 Minn. 535, 81 N. W. (2d) 110; Best v. Fedo (D. Minn.) 153 F. Supp. 79.