R. DELORIS HEMPSTEAD v. MINNEAPOLIS SHERATON
CORPORATION AND OTHERS.

166 N. W. (2d) 95.

March 7, 1969—Nos. 41155, 41160, 41161.

2

*Meagher, Geer, Markham & Anderson* and *O. C. Adamson II,* for appellants Minneapolis Sheraton Corporation and The Travelers Indemnity Company.

*Altman, Geraghty, Leonard & Mulally* and *James H. Geraghty,* for appellants Capp Towers Hotel, Inc., and The Travelers Indemnity Company.

*Carroll, Cronan, Roth & Austin* and *Robert M. Austin,* for appellants Marshall-Betty, Inc., and The Standard Accident Insurance Company.

*Daniel T. Cody,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a judgment of the district court entered in favor of plaintiff and against defendants Minneapolis Sheraton Corporation, Capp Towers Hotel, Inc., Marshall-Betty, Inc., d.b.a. Davey Jones Locker, and their insurers.

Plaintiff sues to recover for personal injuries under our so-called Civil Damage Act, Minn. St. 340.95. In order to avoid a lengthy and expensive trial, the parties agreed that a deposition of plaintiff taken on September 17, 1964, could be accepted as true and that it, together with other stipulated facts, would constitute the evidence upon which the court should determine, as the only issue in the case, whether complicity of plaintiff, under the facts of this case, would bar recovery. It was agreed that if, under the facts of the case as established by the stipulation and deposition, complicity did not bar recovery, judgment could be entered against the three defendants named above for the sum of $35,000. It was also agreed that there was no evidence against codefendant The Jockey Club and that the case against it could be dismissed, so it is not involved in this appeal.

The facts as shown by the deposition referred to are therefore not in dispute. On the evening of August 8, 1963, plaintiff and her sister, Loretta Ann Bryant, left their apartment in a car which plaintiff had sold to her sister but which was still registered in plaintiff's name. The sale had been made "two or three months" prior to this time, and Loretta had complete control of the car. She did all the driving on the night in question.

It is conceded that plaintiff was 20 years of age and Loretta 19. Prior to that night, both girls had, however, worked extensively in Minneapolis and St. Paul as cocktail waitresses, obtaining the jobs by misrepresenting their ages and frequently being discharged when it was learned they were under 21.

On the night in question, the girls first went to Davey Jones Locker, where each ordered and paid for her own drink. They each visited with different people. After about a half hour they drove to the Sheraton Ritz, where plaintiff had previously been employed. There the bartender gave each girl a free drink and a customer bought them another. While there they separated and visited with different friends, so plaintiff is not sure how many drinks Loretta had, but stated that she personally had two or three. After about an hour at the Sheraton Ritz, plaintiff and Loretta moved on to the Capp Towers, where a patron bought each of the girls a drink and each purchased one or two more drinks, paying for their own. Again they were separated part of the time, visiting with different friends. Between midnight and 12:30 a. m., they drove to The Jockey Club, but plaintiff cannot remember whether she or her sister had anything more to drink, although she believes she herself did not. She vaguely remembers leaving the club, but does not remember what time it was.

At about 1:45 a. m. the car, driven by Loretta, ran into the back end of a truck. Loretta died as a result of the injuries she received, and plaintiff was seriously injured.

The trial court held that on the facts of the case there was no showing of complicity sufficient to constitute a defense under the Civil Damage Act, even if complicity were to be recognized as a defense by this court. As a result, it was ordered that judgment under the stipulation of the parties be entered against the three named defendants for the sum of $35,000. This appeal is taken from that judgment.

So far as material, Minn. St. 340.95 provides:

"Every husband, wife, * * * or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action in his own name,

against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained; * * *."

We have had occasion in the past to consider some related questions involving the right to recover under this statutory provision, which had no counterpart under the common law. Beck v. Groe, 245 Minn. 28, 70 N. W. (2d) 886, 52 A. L. R. (2d) 875. Our cases leave some doubt as to whether the statute is penal or remedial in nature, requiring a liberal or narrow construction. Confronted with this question, the Eighth Circuit Court in Village of Brooten v. Cudahy Packing Co. 291 F. (2d) 284, in a comprehensive review of all Minnesota cases which have considered the statute, concluded that its construction depended on the nature of the question before the court. It stated that the true characterization of the statute was that set out in Hahn v. City of Ortonville, 238 Minn. 428, 436, 57 N. W. (2d) 254, 261, saying (291 F. [2d] 293):

"It is to be borne in mind that civil damage acts, although penal in nature, are also remedial in character and, according to the prevailing view, are to be liberally construed *so as to suppress the mischief and advance the remedy.*"

The main difficulty in applying the statute in some of the cases, including the one now before us, involves the correct interpretation of the words "other person" in determining who is entitled to recovery. Thus, in Sworski v. Colman, 204 Minn. 474, 283 N. W. 778, we held the term "other person" did not include a person who voluntarily brings about his own intoxication. This is true even though he is a minor. See, also, Cavin v. Smith, 228 Minn. 322, 37 N. W. (2d) 368. In Randall v. Village of Excelsior, 258 Minn. 81, 83, 103 N. W. (2d) 131, 133, we held a minor who is a member of a group which sends a representative to a liquor store to purchase liquor could not recover for injuries sustained as a result of his own intoxication in consuming part of the liquor. We there said:

"* * * The Civil Damage Act does not create a cause of action in favor of one injured by his own intoxication. Only an innocent third

person who is injured as a result of the intoxication of another is entitled to its benefits. Since neither the common law nor the Civil Damage Act gives plaintiff a right to recover for injury sustained as a result of his voluntary intoxication, the trial court was correct in granting defendant's motion to dismiss the complaint. * * *

* * * * *

"* * * Had the legislature intended to give a person whose voluntary intoxication is the proximate cause of his injury a remedy unknown to the common law, it may be expected that it would have clearly done so."

In our most recent decision, Turk v. Long Branch Saloon, Inc. 280 Minn. 438, 159 N. W. (2d) 903, we held that where an adult who takes a minor to a liquor store and purchases liquor for him is later injured in an automobile accident when the minor is driving, he cannot recover under this statute. After reviewing many of our past decisions, we said (280 Minn. 441, 159 N. W. [2d] 906):

"From these prior decisions, and the language used in opinions of this court where the issue now before us was not directly presented, we conclude that the protection to the public afforded by § 340.95 was not intended by the legislature to be extended to persons who participate knowingly and affirmatively in the illegal sale, bartering, or gift of the intoxicating liquor. To hold otherwise, we believe, would be to permit one who has been an intentional accessory to the illegality to shift the loss resulting from it to a person no more responsible for the damage than he himself has been. So considered, the case is different from that of the party who suffers loss at the hands of a person with whose intoxication he had no involvement and where we say in effect that Minnesota's policy against supplying liquor illegally is so strong that recovery will be allowed even though the damaged person, in respects unrelated to the intoxication, may have failed to exercise reasonable care for his own safety. The person asserting the right of action in such a situation has had nothing to do with the illegal furnishing of the liquor."

In the Turk case we also held that contributory negligence need not

bar recovery "because the legislative objective undergirding the statute would not be served if fault on the part of the person damaged, wholly unrelated to the illegal furnishing of the liquor, could insulate the supplier from liability." 280 Minn. 441, 159 N. W. (2d) 905.

In other cases we have held that neither contributory negligence on the part of the person injured nor lack of guilty knowledge on the part of the supplier of liquor would bar recovery. Kvanli v. Village of Watson, 272 Minn. 481, 139 N. W. (2d) 275; Beck v. Groe, *supra.* See, also, Adamson v. Dougherty, 248 Minn. 535, 81 N. W. (2d) 110.

In the Turk case, however, we left open the question involved in the case now before us, stating (280 Minn. 443, 159 N. W. [2d] 907):

"* * * Whether the same result would follow if plaintiff's involvement in the illegal sale, barter, or gift was casual or passive only, we need not and do not now decide."

Decisions from other states are not of much help to us. New York would probably permit recovery under the facts of this case and we gather that Illinois would not. Mitchell v. The Shoals, Inc. 19 N. Y. (2d) 338, 280 N. Y. S. (2d) 113, 227 N. E. (2d) 21, affirming 26 App. Div. (2d) 78, 271 N. Y. S. (2d) 137, involved facts somewhat similar. In that case plaintiff accompanied her escort to a restaurant, where she consumed enough liquor to render her unconscious. While in this unconscious condition, she was placed in an automobile driven by her escort and was injured in an accident. In permitting her to recover, the court said (19 N. Y. [2d] 341, 280 N. Y. S. [2d] 116, 227 N. E. [2d] 23):

"* * * There is no justification, either in the language of the legislation or in its history, for exonerating the [one who dispensed the liquor] simply because he had also served, and brought about the inebriety of, the third person who was hurt. As long as the latter does not himself cause or procure the intoxication of the other, there is no basis, under the statute, for denying him a recovery from the party unlawfully purveying the liquor."

The opinion emphasizes the fact that the plaintiff neither purchased liquor for her escort nor encouraged him to drink, and she had passed

out before his intoxication became serious. In considering the existence of cases in other jurisdictions (particularly Illinois) that take the position that merely drinking in the company of the person who causes the injury is sufficient to bar recovery, the New York court said (19 N. Y. [2d] 341, 280 N. Y. S. [2d] 116, 227 N. E. [2d] 23):

"* * * We need not, and do not, go that far. It is our view that the injured person must play a much more affirmative role than that of drinking companion to the one who injures him before he may be denied recovery * * *."

In James v. Wicker, 309 Ill. App. 397, 33 N. E. (2d) 169, which has been frequently cited, the court held the plaintiff was not within the protection of its Dram Shop Act where she went to a bar with another woman and two men, drank liquor the men purchased, and was injured while riding in a car driven by one of the men who was obviously intoxicated when they left the bar. The court, among other things, stated (309 Ill. App. 402, 33 N. E. [2d] 171):

"* * * In some situations, when technically considered, contributory negligence is no defense * * *. But it does not follow that plaintiff can recover in such an action where her own conduct contributed to bring about her injuries for which she sues."

The court there characterized plaintiff as a willing participant in the drinking activities leading up to the intoxication of the driver of the car and therefore held she was not "innocent," and she was barred from recovery.

In the more recent case of Holcomb v. Hornback, 51 Ill. App. (2d) 84, 200 N. E. (2d) 745, a summary judgment in favor of defendant was sustained where plaintiff had been shot by one Crawford, who was allegedly intoxicated at the time. In denying recovery, the court said (51 Ill. App. [2d] 89, 200 N. E. [2d] 747):

"Although some of the cases on this question appear to dwell on how much liquor the plaintiff has had to drink, it would appear that the extent of his willing participation in the drinking activities of the person who becomes intoxicated is the real test and the injured person

need not purchase any of the liquor consumed to be a willing party and guilty of complicity."

In Osinger v. Christian, 43 Ill. App. (2d) 480, 482, 193 N. E. (2d) 872, 874, the Illinois court defines the rule of complicity as a defense in this type of action to mean that "one who has participated in bringing about the intoxication of another cannot recover against the dramshop keeper."

The difference in the statutes of Illinois and New York may have something to do with the difference in approach of the two states toward this question. Apparently in Illinois it is not necessary that the sale of liquor be illegal.[1] The New York statute is almost identical to ours. 23A McKinney's Consol. Laws of New York Ann., General Obligations Law, § 11–101, reads:

"Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; * * *."

In the case before us, plaintiff's only participation consisted of her accompanying her sister on a tour of places where intoxicating liquor was sold. There is no evidence that she procured or paid for intoxicating liquor for her sister or induced her to drink to the point of intoxication. While her memory is somewhat unclear as to what happened after leaving The Jockey Club, it may have been due to the concussion and partial amnesia she suffered in the accident. There is nothing to prove that she knew her sister was intoxicated when she entered the car. Her only testimony in the deposition is that Loretta appeared "happy," but there was nothing in her speech or driving to indicate intoxication.

---

[1] So far as material, the Illinois statute, Smith-Hurd Illinois Ann. Stat. (Perm. ed.) c. 43, § 135, reads: "Every person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication, in whole or in part, of such person."

Under these circumstances we believe it would be extending the statute too far to hold that one who simply accompanies another to a place where intoxicating liquor is sold or dispensed and has a few drinks by herself should be barred from recovery. The only possible basis upon which plaintiff could be denied recovery as a participant would be that she, knowing her sister was a minor, permitted the liquor establishments to furnish her liquor, without disclosing to them that both were under age. To so hold would be to relieve the responsible parties from liability upon too tenuous a base to stand the test of time. As long as the party seeking to recover has not procured or in other ways furnished liquor to the person who becomes intoxicated, but is simply a companion, we think prohibiting recovery would be applying the statute in a way the legislature did not intend. We are inclined to agree with the New York court that we need not go that far. We thus conclude that the trial court was right in holding that under the facts of this case there was no such complicity as to bar recovery.

In a post-trial motion and on appeal, one of defendants has raised the question of whether defendants' illegal sale of intoxicating liquor to Loretta was a proximate cause of plaintiff's injuries. While this question was not expressly eliminated by the stipulation of the parties, it was agreed that if complicity was not a defense, judgment could be entered against the three defendants for $35,000. Implicit in this agreement must be the fact that if complicity was not a defense the illegal sale of liquor to the minors was a proximate cause. How else would the parties agree that judgment could be entered if it was found that complicity was not a defense? We think this question was effectively eliminated by the stipulation and cannot be raised now.

Affirmed.