Steven C. JOHNSON and Barbara J. Johnson, Appellants,

v.

HELARY, INC., d.b.a. Charlie's Club, Respondent,

Universal Surety Company, Lincoln, Nebraska, Respondent.

No. C2-83-807.

Supreme Court of Minnesota.

Jan. 13, 1984.

H.L. Newby, Jr., Newby, Dodge, Korman, Lingren, Warp & Newby, Ltd., Cloquet, for appellants.

David R. Ludwigson, Duluth, for respondent Universal Sur. Co.

Timothy Waldeck, Minneapolis, for respondent Helary, Inc., d/b/a Charlie's Club.

COYNE, Justice.

The facts are not in dispute. On May 5 and 6, 1979, Steven and Barbara Johnson were patrons of Charlie's Club in Duluth. Charlie's is operated by Helary, Inc. Employees of the club sold liquor to Joel Washek. Wielding a pool cue, Washek assaulted and injured Steven Johnson. Steven's injuries caused Barbara Johnson to suffer the loss of her husband's services and consortium.

The Johnsons brought suit in March 1980 against Helary, Inc., and Universal Surety Company, Helary's surety on its liquor license bond. Plaintiffs alleged that Helary had violated the laws of Minnesota by serving liquor to Washek while he was obviously intoxicated and sought compensation for injuries allegedly caused by Washek while intoxicated. Plaintiffs also sought $3,000 (the amount of the bond) from Universal, based on Helary's alleged violation of the terms of the bond. Plaintiffs were awarded judgment against Helary in the following amounts: Damages to Steven Johnson, $6,000; damages to Barbara Johnson, $1,000; reimbursement of costs $845.12; total $7,845.12.

Following the order for judgment against Helary, Inc., the plaintiffs sought a new trial on the ground that the damage

award was insufficient. The plaintiffs also moved for an order for judgment against Universal Surety in an additional amount equal to the penal sum of its license bond issued pursuant to Minn.Stat. § 340.12 (1978). Holding that complete recovery of the damages awarded in an action under the Civil Damages Act, Minn.Stat. § 340.95 (1982), precludes any further recovery pursuant to § 340.12, the district court denied the motion in all respects. We affirm.

Plaintiffs claim that § 340.12, which requires that a bond or liability insurance policy be filed as a prerequisite to obtaining a liquor license, gives them the right to recover money over and above the amount of their actual damages. Plaintiffs claim that § 340.12 imposes this additional liability on liquor sellers as a penalty to deter violations of the liquor laws. Their argument is based on the language of the statute as it existed at the time of the incident:

[T]he Licensee will pay to the extent of the principal amount of such bond or policy, any damages for death or injury caused by or resulting from the violation of any provisions of law relating thereto, and in such cases recovery under this paragraph may be had from the surety on this bond or policy. *The amount specified in such bond or policy is declared to be a penalty*, the amount recoverable to be measured by the actual damages; provided, however, that in no case shall such surety be liable for any amount in excess of the penal amount of the bond or policy.

All such bonds or policies shall be for the benefit of the obligee and all persons suffering damages by reason of the breach of the conditions thereof. (emphasis added).

Plaintiffs' interpretation of § 340.12 is not supported by the legislative history. Prior to 1943, every applicant for an "on sale" liquor license was required by § 340.-12 to file a bond with the local governing body issuing the license. Section 340.12 was changed in 1943 so that applicants could file a liability insurance policy in lieu of the bond. 1943 Minn.Laws ch. 568, § 1.

The section was changed again in 1945 to specifically exempt liability policies from the "penalty" language quoted above. 1945 Minn.Laws ch. 313, § 1.

The plaintiffs' construction of § 340.12 is unreasonable. If that interpretation were adopted, only liquor establishments that filed bonds with their license applications would be required to compensate injured persons over and above the amount of their actual damages. Establishments that filed liability policies would not face this additional liability. We think a more realistic interpretation is that the statute was intended to assure that liquor establishments are able to pay for damages caused by illegal sales. The legislature identified bonds and liability insurance policies as alternate methods of achieving this goal. We hold that the license bond filed pursuant to § 340.12 does not provide an additional recovery to persons who have been fully compensated for damages caused by violations of the state's liquor laws. To the extent that our holding today is inconsistent with the holding in *Robinson v. Lamott*, 289 N.W.2d 60 (Minn.1979), the latter decision is overruled.

Affirmed.