**Kenneth R. HERRLY, Respondent,**

v.

**Steven John MUZIK, Respondent,**

**Floyd A. Eastlund, d.b.a. Forada Liquor Store, Petitioner, Edgar J. Paine, d.b.a. Reno Inn, Petitioner, Appellants,**

**Jerome and Linda Miller, d.b.a. The Barrell Inn, Defendants.**

**No. C1-84-307.**

Supreme Court of Minnesota.

Sept. 27, 1985.

Rehearing Denied Oct. 23, 1985.

Eric J. Magnuson, Roger R. Roe, Jr., Michael D. Tewksbury, Minneapolis, for Edgar J. Paine, d.b.a. Reno Inn.

Michael P. McDonough, Minneapolis, for Eastlund d.b.a. Forada Liquor Store.

Harry A. Sieben, Jr., David W.H. Jorstad, Minneapolis, Thomas J. Reif, Alexandria, for Muzik.

COYNE, Justice.

Petitioners-defendants, liquor vendors and their owners, seek further review of a decision of the Court of Appeals reversing the summary judgment entered in their favor by the trial court. The Court of Appeals held that the 1977 amendment to the Civil Damage Act, Minn.Stat. § 340.95, altered prior law by making "complicity" a fault to be compared with that of others, rather than an absolute bar to recovery in a Dram Shop action. We reverse.

The plaintiff Kenneth Herrly was severely injured on April 18, 1981 while a passenger in a truck driven by Steven Muzik, when the latter lost control of the vehicle and it crashed into an embankment. Muzik was intoxicated at the time and Herrly sought recovery from the three bars in which he and Muzik were served liquor prior to the accident.

The bar owners moved for summary judgment, asserting that since Herrly admitted buying drinks for Muzik as well as purchasing off-sale beer which both he and Muzik consumed while traveling between bars, Herrly had contributed to Muzik's intoxication and was barred by this complicity from recovering damages under section 340.95. The trial court agreed and granted their motion for summary judgment. On appeal, the Court of Appeals reversed that decision based upon its view of the 1977 amendment to section 340.95. *Herrly v. Muzik*, 355 N.W.2d 452 (Minn. App.1984).

The sole issue presented is whether complicity remains an absolute bar to recovery in Dram Shop actions after the incorporation of Minn.Stat. § 604.01 (1984) into the Civil Damage Act.

No cause of action existed at common law against a vendor for damages sustained as a result of an illegal sale of

liquor. *Robinson v. Lamott*, 289 N.W.2d 60 (Minn.1979). Since the Civil Damage Act provides the exclusive remedy for the sale of intoxicating liquor, *id.*, 289 N.W.2d at 65, the defendant bars are liable to Herrly only if he is entitled to commence an action against them under the Act,[1] which creates this cause of action:

> Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by *illegally selling* or bartering intoxicating liquors, caused the intoxication of such person, for all damages, sustained * * *.

(Emphasis added). Minn.Stat. § 340.95 (1980).

Minn.Stat. § 340.73 (1980) describes those "sales" which are illegal as follows:

> Subdivision 1. It shall be unlawful for any person, except a licensed pharmacist to sell, give, barter, furnish, deliver, or dispose of, in any manner, either directly or indirectly, any spirituous, vinous, malt, or fermented liquors in any quantity, for any purpose, whatever, to any person under the age of 19 years, or to any intoxicated person, or to any public prostitute.

> \* \* \* \* \* \*

> Subd. 3. Whoever shall in any way procure liquor for the use of any person named in this section shall be deemed to have sold it to such person. Any person violating any of the provisions of this section is guilty of a gross misdemeanor.

Herrly contends that because the defendant liquor vendors illegally sold liquor to Muzik, he, as an "other person" under section 340.95 may recover damages from them. The vendors argue that Herrly is barred from recovery because he actively participated in furnishing alcohol to Muzik: If the vendors' conduct was illegal, so also

was Herrly's. Prior to the 1977 amendment to section 340.95, it was clear that the latter argument would have prevailed. *Turk v. Long Branch Saloon*, 280 Minn. 438, 159 N.W.2d 903 (1968).

In *Turk*, we first recognized what is commonly known as the complicity defense and denied recovery to a plaintiff who had purchased liquor for the driver of the automobile in which he was injured. After examining prior decisions involving the Civil Damage Act, we concluded that—

> the protection to the public afforded by § 340.95 was not intended by the legislature to be extended to persons who participate knowingly and affirmatively in the illegal sale, bartering, or gift of the intoxicating liquor. To hold otherwise, we believe, would be to permit one who has been an intentional accessory to the illegality to shift the loss resulting from it to a person no more responsible for the damage than he himself has been. So considered, the case is different from that of the party who suffers loss at the hands of a person with whose intoxication he had no involvement and where we say in effect that Minnesota's policy against supplying liquor illegally is so strong that recovery will be allowed even though the damaged person, in respects unrelated to the intoxication, may have failed to exercise reasonable care for his own safety. The person asserting the right of action in such a situation has had nothing to do with the illegal furnishing of the liquor. In contrast, a person who buys drinks for an obviously intoxicated person, or one whom he knows to be a minor, is at least as much the cause of the resulting or continued intoxication as the bartender who served the consumer illegally. Finally, having declared that the person who becomes intoxicated as a result of illegal sale, barter, or gift cannot recover, how can we reasonably attribute to the legislature an intent to

---

1. We have not been asked to consider whether Herrly could recover from the defendant bars under Minn.Stat. § 340.12. *See Robinson v. Lamott*, 289 N.W.2d 60 (Minn.1979) and *Johnson v. Helary, Inc.*, 342 N.W.2d 146 (Minn.1984); but *cf.* Act of March 22, 1982, ch. 528, § 3, 1982 Minn.Laws 973, 975–77.

allow recovery to the participating accessory who, in some cases at least, may be as much or more responsible for the violation of the liquor laws than the one who consumes the intoxicant?

*Id.* at 442, 159 N.W.2d at 906 (footnote omitted).

In 1977, the legislature added the following pertinent language to section 340.95:

Actions for damages based upon liability imposed by this section shall be governed by section 604.01. The provisions of section 604.01, as applied under this section, however shall not be applicable to actions brought by a husband, wife, child, parent, guardian or other dependent of an intoxicated person.

Act of June 2, 1977, ch. 390, § 1, 1977 Minn.Laws 887. Section 604.01, at the time of this amendment, was a comparative negligence statute which provided, in part, that:

Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering.

Minn.Stat. § 604.01, subd. 1 (1976). By amendment effective April 15, 1978, section 604.01 became a comparative fault statute. Act of April 5, 1978, ch. 738, §§ 6, 7, 1978 Minn.Laws 836, 839–40. Examining the effect of these several changes, the Court of Appeals concluded that complicity is no longer an absolute defense in a Dram Shop action, but rather fault to be compared with the fault of those others—*i.e.*, the bars—that illegally furnished the liquor. We cannot agree.

Herrly, in essence, would have us believe the 1977 amendment was intended to overturn our decisions in *Martinson v. Monticello Municipal Liquors,* 297 Minn. 48, 209 N.W.2d 902 (1973), *Heveron v. Village of Belgrade,* 288 Minn. 395, 181 N.W.2d 692 (1970) and *Turk v. Long Branch Saloon,* 280 Minn. 438, 159 N.W.2d 903 (1968). Had that been the legislature's intent, we suspect it would have had no difficulty in making that intention clear.

We have long viewed the Civil Damage Act as both remedial and penal in nature. *Hahn v. City of Ortonville,* 238 Minn. 428, 436, 57 N.W.2d 254, 261 (1953). When its provisions have been clear as to intent and purpose, we have liberally construed the act "so as to suppress the mischief and advance the remedy." *Id.* However, as we observed in *Beck v. Groe,* 245 Minn. 28, 34, 70 N.W.2d 886, 891 (1955), such liberal construction is not without limitation: "Since a civil damage law is one highly penal in its nature introducing a remedy unknown to the common law, it is to be strictly construed in the sense that it cannot be enlarged beyond its *definite scope....*" (Emphasis added). Our repeated view that the Civil Damage Act was intended solely to protect *"innocent third persons"* [2] injured as a result of another's intoxication cannot have escaped the legislature's attention. *Randall v. Village of Excelsior,* 258 Minn. 81, 83, 103 N.W.2d 131, 133 (1960). Common sense thus leads us to conclude that had the legislature intended to enlarge the class of beneficiaries under the Act and overturn *Turk, Heveron* and *Martinson,* different language would have been employed in the amendment. *Cf.* Minn.Stat. § 645.17, subd. 4 (1984).

In *Pautz v. Cal-Ros, Inc.,* 340 N.W.2d 338 (Minn.1983), we considered what we regard as the twin objectives of the 1977 amendment to section 340.95. First, the method of apportionment of liability imposed on those who illegally furnish liquor was altered. *Id.* at 341–42. Before the amendment, wrongdoers shared

---

**2.** An "innocent third person" is one who has had nothing to do with the illegal furnishing of liquor to the intoxicated wrongdoer. *Turk v.* *Long Branch Saloon,* 280 Minn. 438, 442, 159 N.W.2d 903, 906 (1968).

liability on an aliquot basis. The amendment required liability to be divided in proportion to each party's "negligence."[3] Secondly, the amendment directed that the negligence of certain claimants would proportionately diminish their recovery—a reversal of the former rule that an innocent third person's negligence would not affect an award under section 340.95. *See Turk*, 280 Minn. at 442, 159 N.W.2d at 906. In light of more recent legislation, we cannot help but attach some significance to the fact that the effect of the second objective of the 1977 amendment was to reduce the liability of liquor vendors under the Civil Damage Act. Although subsequent legislative history as a source for divining earlier intent must be employed with caution,[4] we cannot blind ourselves to the legislature's concern over the rising cost and reduced availability of dram shop insurance and the resultant 1985 amendments to section 340.95, which significantly lessen potential recoveries. *See* Act of June 7, 1985, ch. 309, §§ 7–13. Adopting Herrly's view of the 1977 amendment, however, would increase liability—a result at odds with the second objective of the 1977 amendment and a consequence we do not believe was intended. It seems to us as anomalous today as it did when we decided *Turk* that the legislature would deny a remedy to a person injured by his own intoxication and grant a participating accessory to the violation of the liquor laws a remedy for injuries to which the intoxication of his drinking companion contributed, and nothing in the 1977 amendment suggests that the legislature intended to create a new cause of action for the benefit of persons not previously within the class of persons protected by the statute. Moreover, most jurisdictions with Civil Damage Acts similar to ours do not allow one who buys liquor for the person whose intoxication causes their injury to recover damages from the liquor vendor. *See* Annot., 26 A.L.R.3d 1112, 1117 (1969).

The decision of the Court of Appeals is reversed and the judgment entered in the trial court is reinstated.

Reversed.

SCOTT and YETKA, JJ., dissent.

SIMONETT, J., took no part in the consideration and decision of this case.

SCOTT, Justice (dissenting).

I respectfully dissent. In 1969, Minnesota first modified the common-law doctrine of contributory negligence by the adoption of comparative negligence, Act of May 23, 1969, ch. 624, § 1, 1969 Minn.Laws 1069 (codified as Minn.Stat. § 604.01 (1969)). The pertinent part of section 604.01 provided:

**COMPARATIVE NEGLIGENCE; EFFECT. Subdivision 1. Scope of application.** Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering.

Then, in 1977, the Civil Damage Act, commonly known as the Dram Shop Act, incorporated comparative negligence by amendment, adding the following language: "Actions for damages based upon liability imposed by this section shall be governed by section 604.01." Act of June 2, 1977, ch. 390, § 1, 1977 Minn.Laws 887. Section

---

3. As we noted in *Pautz,* 340 N.W.2d at 342 n. 3, although a liquor vendor's liability is technically based not on negligence but on statutory violation, the 1977 legislative mandate that actions under section 340.95 should be governed by the comparative negligence-proportionate contribution statute could be carried out only by treating the vendor's conduct as negligence for purposes of determining the plaintiff's damages and the

contributions of those jointly liable. Section 604.01 did not become a comparative fault statute until it was amended in 1978.

4. *See* Minn.Stat. § 645.16(7) (1984). *See also* Tribe, *Toward a Syntax of the Unsaid: Construing the Sounds of Congressional and Constitutional Silence,* 57 Ind.L.J. 515, 531 (1982).

604.01 was later amended and now encompasses the notion of "comparative fault." Act of April 5, 1978, ch. 738, § 6, 1978 Minn.Laws 836. We have continually held that this "dram shop" field is preempted by the Civil Damage Act. *Holmquist v. Miller*, 367 N.W.2d 468 (Minn.1985); *Meany v. Newell*, 367 N.W.2d 472 (Minn.1985).

The Court of Appeals held that, given the changes in contributory negligence and the inclusion of section 604.01 into the Civil Damage Act, the legislature intended that complicity should be fault, to be compared with the bar owner's "fault" of serving alcohol, just as the advent of comparative negligence consumed assumption of risk. Prior to 1977, judicially created law allowed complicity to operate as a bar to recovery. *Martinson v. Monticello Municipal Liquors*, 297 Minn. 48, 209 N.W.2d 902 (1973); *Heveron v. Village of Belgrade*, 288 Minn. 395, 181 N.W.2d 692 (1970); *Turk v. Long Branch Saloon*, 280 Minn. 438, 159 N.W.2d 903 (1968). It is not surprising, and it must be presumed, that the legislature clearly intended to preempt the field and eliminate this judicial concept as a bar, just as it did in eliminating contributory negligence and secondary assumption of risk as a bar in the tort field.

The majority's retention of the complicity doctrine as a complete bar to claims under the Civil Damage Act perpetuates arbitrary distinctions among parties suing under the Act. The majority would bar the injured party from commencing a suit under the Act even though his only contribution to the intoxication of his companion was the purchase of one drink. Yet in *Hempstead v. Minneapolis Sheraton Corp.*, 283 Minn. 1, 166 N.W.2d 95 (1969), we held that a person who had accompanied the intoxicated person all evening, and who knew the person was a minor but did not disclose this fact to the liquor establishments, was not barred from recovering under the Civil Damage Act for injuries sustained as a result of that intoxicated person's conduct because she did not purchase, procure for, or participate in the illegal sale of liquor to her companion. It is arbitrary to distinguish between a person who buys one drink for a companion and a person who spends an entire evening with a person, knowing that that person is buying alcohol illegally. Application of comparative fault in these cases would result in a more equitable method for determining how much a person who has actively participated in the intoxication of another is at fault.

Why we should ignore the active and progressive legislative reform in this area is difficult to understand. There is no reason to retain this outmoded and arbitrary judicial doctrine in Minnesota in light of the clear intent to move to a more complete comparative negligence policy in the tort field.

I would discard this judicial construction and affirm the Court of Appeals.

YETKA, Justice (dissenting).

I join in the dissent of Justice Scott.