Carrie SPRAGG, et al., Appellants,

v.

Andrew SHUSTER, d.b.a. Sawmill Saloon, defendant and third party plaintiff, Respondent.

Belinda Ann Sweet, et al., Third Party Defendants.

No. C4–86–1164.

Court of Appeals of Minnesota.

Jan. 6, 1987.

Review Denied March 13, 1987.

---

John M. Colosimo, Greenberg, Colosimo, and Patchin, Ltd., Virginia, for appellants.

Rolf E. Sonnesyn, Foster Waldeck & Lind, Ltd., Minneapolis, for respondent.

Considered and decided by LESLIE, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Carrie and David Spragg sued the Sawmill Saloon for injuries Carrie sustained while a passenger in a car driven by Belinda Sweet. David Spragg is Carrie's father, and his claim is for medical expenses for his minor daughter. There were two additional passengers in Sweet's car at the time of the accident. All four girls were under the legal drinking age and each had been drinking beer purchased by one of the passengers, Melody Bonneville, at defendant Sawmill Saloon.

The trial court granted summary judgment in favor of the Sawmill Saloon, finding that Carrie Spragg was barred from recovery under the doctrine of complicity because she actively participated in furnishing Belinda Sweet, the driver, with al-

coholic beverages. Prior to Sawmill's successful motion for summary judgment, Belinda and her father, James Sweet, the car owner, had removed themselves from the case through a *Pierringer* release, and are not involved in the appeal. The Spraggs appeal the grant of summary judgment against their dramshop claims. We reverse and remand for trial.

## FACTS

Belinda Sweet, Carrie Spragg, Melody Bonneville, and Kelly Lund, all under the legal age (their ages .were 17–18) to purchase intoxicating liquor, skipped school on October 28, 1983, and drove around town in Belinda Sweet's car. The girls drove to the Sawmill Saloon. There they unsuccessfully attempted to find an adult to purchase beer for them. They then decided Melody Bonneville would be the one to go into the Sawmill Saloon and attempt to buy a twelve pack of beer. There is some disagreement among the parties as to which of the young women supplied money to buy the beer, and the parties are not in total agreement on how the funds were pooled, but the parties stipulated, for purposes of respondent's summary judgment motion, that each girl contributed exactly one-fourth of the purchase price of the twelve pack. Sawmill Saloon admits that it sold Bonneville the beer.

Each girl drank some of the beer as Sweet drove the car around town. Around 1:15 p.m. Sweet failed to stop for a stop sign and hit two other cars in an intersection. Appellant was injured in the accident. Upon searching Sweet's car, the police found four unopened cans from the twelve pack.

Appellant's complaint alleged, among other claims, that the Sawmill Saloon's illegal sale of alcohol to Bonneville, a minor, was the proximate cause of appellant's injuries. The trial court granted the Sawmill Saloon's summary judgment motion, finding appellant was barred from recovery under the doctrine of complicity because she helped furnish beer to Belinda Sweet by paying for part of the twelve pack.

## ISSUE

Did the trial court properly grant respondent's summary judgment motion, finding that appellant was an active participant in the driver's intoxication, and thus was barred from recovery by the doctrine of complicity?

## ANALYSIS

■ Summary judgment is proper where there exist no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Minn.R. Civ.P. 56.03. A material fact is one that will affect the outcome of the case. *Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 229, 219 N.W.2d 641, 646 (1974). All doubts and inferences should be resolved in favor of the non-moving party. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981). The trial court found that appellant was barred from recovery under the doctrine of complicity under *Turk v. Long Branch Saloon*, 280 Minn. 438, 159 N.W.2d 903 (1968) and *Herrly v. Muzik*, 374 N.W.2d 275 (Minn.1985) *rehearing denied* (Minn. Oct. 23, 1985) because she "was an active participant in the illegal purchase of intoxicating liquor." In its memorandum, the court stated:

> It appears to the Court that the doctrine of complicity, as set forth in the cases discussed above, should bar [appellant] from recovering from [respondent] in this lawsuit. [Appellant] and her three friends went to the Sawmill Saloon together and *agreed as a group* to purchase some beer. According to the version of the facts agreed to by both parties for the purpose of this motion, each young woman contributed one-fourth of the money to buy the liquor. *While [appellant] did not pay for the driver's share of the beer or walk into the Sawmill to purchase it, she was an active participant in the group effort to obtain liquor,* and she knew the driver of the automobile in which she was riding was drinking alcoholic beverages. Although [respondent] was committing a crime by selling intoxicating liquor to a

minor, [appellant] was also violating the law by buying it.

The court found appellant had violated Minn.Stat. § 340.73 (1982) (making it unlawful to procure liquor for a minor) and § 340.731 (1982) (making it unlawful for minors to purchase or consume alcohol, misstate their age, or possess alcohol with intent to consume).

■ The Civil Damage Act (or Dramshop Act), Minn.Stat. § 340.95 (1982), provides the exclusive remedy for the illegal sale of intoxicating liquor. *Herrly*, 374 N.W.2d at 277.[1] By amendment in 1978, the legislature incorporated comparative fault into 340.95. *Id.* at 278. However, the defense of complicity remains an absolute bar to recovery in an action under the Civil Damage Act. *Id.* at 278.[2] Complicity remains an exception to the Comparative Fault Act.

■ The doctrine of complicity holds that one who provides liquor for another, whose intoxication then causes the provider's injuries, cannot recover damages from the liquor vendor. *Heveron v. Village of Belgrade*, 288 Minn. 395, 397, 181 N.W.2d 692, 693 (1970), *Herrly*, 374 N.W.2d at 279. Appellant cannot recover from respondent if she actively participated in the intoxication of the driver, Sweet, who subsequently caused her injuries. However, the fact that a person accompanies and drinks with the intoxicated person is not a bar to recovery. *Heveron*, 288 Minn. at 397, 181 N.W.2d at 693.

■ Active participation includes furnishing drinks which caused the intoxication. *Id.* at 399, 181 N.W.2d at 694. Plaintiff's participation must be affirmative. *Id.* at 399, 181 N.W.2d at 695. Passive participation standing alone, such as merely accompanying the intoxicated person, is insufficient to find complicity. *Id.* Mere knowledge that the party consuming the alcohol is a minor is passive, not active participation. *Id.* The determining factor is the "physical nature of [appellant's] participation." *Id.*

Passive participation is discussed in *Hempstead v. Minneapolis Sheraton Corporation*, 283 Minn. 1, 166 N.W.2d 95 (Minn.1969). In *Hempstead*, two underage sisters went drinking at several bars. Each paid for her own drinks. They also had drinks bought for them by other patrons, and had drinks bought for them by the bartenders. After they left the last bar, their car collided with a truck and one of the girls died. The survivor sued the dramshops, liquor vendors, for her injuries. The supreme court allowed recovery to the survivor, finding that on these facts there was not active participation, and thus no resulting complicity.

As long as the party seeking to recover has not procured or in other ways furnished liquor to the person who becomes intoxicated, but is *simply a companion*, we think prohibiting recovery would be applying the statute in a way the legislature did not intend.

---

1. *See also* Comment, *Minnesota Dramshop Act: Is the Complicity Doctrine Obsolete?*, 12 Wm. Mitchell L.Rev. 705 (1986).

2. Neither party discussed the case in their brief, but we note the existence of *Zerby v. Warren*, 297 Minn. 134, 210 N.W.2d 58 (1973). *Zerby* involved strict statutory liability for selling glue to a minor. In *Zerby*, the deceased, a minor, received airplane glue from his friend, a minor, who had been the one to actually purchase the glue in the defendant hardware store. Even though the decedent actively shared in the decision to purchase the glue and then sniff it, decedent's estate was not barred from a lawsuit for wrongful death. The Minnesota Supreme Court held that contributory negligence was not a defense under a claim of strict liability based on violation of a statute. Spragg's claim against the liquor establishment is also based on liability for violation of a statute. However, *Zerby* was decided prior to the amendments which made § 604.01 a comparative fault statute, and prior to *Herrly* in which the Supreme Court specifically addressed the issue of complicity (which, for all practical purposes, parallels the old contributory negligence). *Herrly* is more recent than *Zerby*, and, since the supreme court did not mention *Zerby* in *Herrly*, we find *Herrly* controlling on the doctrine of complicity as it applies to dramshop cases. Complicity, if proved, operates as a complete bar to recovery despite the existence of the comparative fault statute.

*Id.* at 9, 166 N.W.2d at 99 (emphasis added). The *Hempstead* court found controlling the fact that

> [t]here is no evidence that [decedent] procured or paid for intoxicating liquor for her sister or induced her to drink to the point of intoxication.

*Id.*

In our case, the trial judge found that each girl's contribution of one-fourth of the price of a twelve pack to be consumed by all four girls constituted active participation in procuring Belinda Sweet's beer. The court relied in part on *Turk*, 280 Minn. 438, 159 N.W.2d 903. In *Turk*, appellant, an adult, and three friends who were minors, consumed fifteen to twenty drinks at several bars. At each bar, the four took turns paying for rounds of drinks. After six hours of drinking, while on the way to another bar, the driver of the vehicle collided with a parked car. Appellant, who was a passenger, sued the driver and the dramshops. The supreme court held that an adult who takes a minor to a liquor establishment, buys him liquor, and is later injured in an automobile accident where the person for whom he purchased liquor is driving, is barred from recovery as an active participant in the intoxication of the driver.

The court held that one who participates in the process by which the liquor is illegally sold, bartered, or given may not recover. Only innocent parties are not barred from recovery. *Id.* at 441, 159 N.W.2d at 905.

> To hold otherwise * * * would be to permit one who has been an active accessory to the illegality to shift the loss resulting from it to a person no more responsible than he himself has been.

*Id.* at 442, 159 N.W.2d at 906.

In *Herrly*, 374 N.W.2d 275, upon which the trial court also relied, the supreme court held that the passenger who bought drinks for the driver and bought "off-sale" beer which both he and the driver drank while traveling between bars, was barred from recovery under the doctrine of complicity.

The court, in *Herrly*, relied on *Turk's* language:

> [This] case is different from that of the party who suffers loss at the hands of a person with whose intoxication he had no involvement and where we say in effect that Minnesota's policy against supplying liquor illegally is so strong that recovery will be allowed even though the damaged person, in respects unrelated to the intoxication, may have failed to exercise reasonable care for his own safety. The person asserting the right of action in such a situation has had nothing to do with the illegal furnishing of the liquor. In contrast, a person who *buys drinks* for * * * one whom he knows to be a minor, is at least as much the cause of the resulting or continued intoxication as the bartender who served the consumer illegally.

*Id.* at 277 (emphasis added).

Although the law is clear, the facts here are not. Moreover, we are not broadly reviewing a jury verdict for sufficiency of the evidence, but rather narrowly examining the appropriateness of dismissal by summary judgment.

■ We are not convinced that appellant's contributing one-fourth of the purchase price, without more, constitutes active participation in Sweet's intoxication sufficient to serve as a complete bar to recovery. The facts taken from the stipulation are ambiguous.[3] The term, "contributing one-fourth of the purchase price," is susceptible of more than one logical interpretation. It could mean that each of the four girls contributed her share with the

---

3. The stipulation as to how the four girls pooled their money was not in writing. The oral stipulation was on the record, *but neither party supplied a transcript of that record to this court.* The depositions and discovery materials indicate that one of the girls in the car thought that each had chipped in their money and given it to Bonneville, while another girl thought that just one girl put up all the money and the other three agreed to reimburse her for their share. The parties could agree only that, whether it was cash or credit, the four girls agreed to share the cost equally.

intent to buy liquor for the others as well as herself. The phrase could also mean that each girl's intent was to contribute just enough to buy three cans for herself.

Respondent argues vigorously that appellant's claim of uncertainty of the facts is without merit and that the trial court properly decided as a matter of law that all four were equal participants in purchasing Sweet's liquor, negating appellants' right to sue the Sawmill Saloon. We disagree. We do not find that appellant's giving a few dollars to Bonneville means as a matter of law that appellant bought beer for Belinda Sweet. From the record, it is equally plausible that appellant gave money to Bonneville to buy some beer only for appellant, and that the beer Belinda Sweet drank was purchased by Bonneville for Sweet with Sweet's funds. Determination of this factual issue is crucial to the outcome of this case. A trial on the merits is necessary to allow each party to develop evidence and from it argue the conclusions she deems appropriate.

The trier of fact will have to determine whether Carrie Spragg was an active or a passive participant in Belinda Sweet's drinking. It is not clear whether appellant was an active participant in buying beer for Belinda Sweet, as in the cases where the parties bought "rounds" for each other, or whether Carrie Spragg was a passive participant, as in those cases where the parties were merely drinking companions and each bought and paid for their own drinks.

In reviewing the facts and holdings of *Turk, Herrly, Heveron,* and *Hempstead,* it is apparent that whether or not appellant purchased beer *for* Belinda Sweet is a material fact issue, the determination of which will decide the outcome of this case.

## DECISION

The question of whether appellant was an active or passive participant in the intoxication of the driver of the car, since its resolution revolves around a genuine issue of material fact, is inappropriate for resolution by summary judgment. We remand this matter for trial.

Reversed and remanded for trial.