Karen BUSHLAND, as the Parent and Natural Guardian of a Minor Child, Ryan Bushland, Respondent,

v.

CORNER POCKET BILLIARD LOUNGE OF MOORHEAD, INC., d/b/a Doc & Eddy's, Appellant.

No. C1–90–1384, C6–90–1557.

Court of Appeals of Minnesota.

Nov. 13, 1990.

Rolf E. Sonnesyn, Foster, Waldeck, Lind & Gries, Ltd., Minneapolis, for appellant.

J.P. Dosland, Dosland, Nordhougen, Lillehaug, Johnson & Saande, P.A., Moorhead, for respondent.

Considered and decided by HUSPENI, C.J., and DAVIES and NIERENGARTEN *, JJ.

Minn. Const. art. VI, § 2.

## OPINION

DAVIES, Judge.

Appellant argues that the Civil Damage (dram shop) Act requires that the comparative fault of the intoxicated person be imputed to claimants. The trial court rejected that interpretation of the statute and we affirm.

## FACTS

Karl Bushland died in a one-car motor vehicle accident on August 9, 1987. His son, Ryan Bushland, is plaintiff in this dram shop action against appellant Corner Pocket Billiard Lounge of Moorhead, Inc., d/b/a Doc & Eddy's. The statute at issue is the dram shop act, Minn.Stat. § 340A.801 (1986; Supp.1987). It states:

> Subd. 3. [COMPARATIVE NEGLI-GENCE.] Actions under this section are governed by section 604.01.

Minn.Stat. § 604.01 is the comparative fault law.

A jury found that Karl Bushland was negligent in his operation of a motor vehicle and that his negligence was a direct cause of his own death. The jury also found that Doc & Eddy's made an illegal sale of an alcoholic beverage to Karl Bushland which caused or contributed to his intoxication and which was a direct cause of his death. The jury attributed 75 percent of the fault to Karl Bushland and 25 percent of the fault to Doc & Eddy's. The trial court determined that Karl Bushland's fault should not be imputed to Ryan Bushland to reduce or bar the damages he was awarded against Doc & Eddy's in this dram shop action.

## ISSUE

Did the trial court err in determining that decedent's fault should not be imputed to plaintiff under the dram shop act?

## ANALYSIS

■ The dram shop act was enacted to provide a remedy for innocent third parties injured as a result of the intoxication of another person and to provide a penalty against dram shops for illegal sales of liquor. *See Herrly v. Muzik*, 374 N.W.2d 275, 278 (Minn.1985). Because the statute is not based on the common law and is highly penal in nature, its scope is to be strictly construed. *Id.*

■ This court recently interpreted a prior version of the statute. *See Paulson v. Lapa, Inc.*, 450 N.W.2d 374, 382–83 (Minn. App.1990), *pet. for rev. denied* (Minn. Mar. 22, 1990). In 1987, after the *Paulson* accident, the legislature by reenacting "chapter 340A, as published in Minnesota Statutes 1986" removed words in subdivision 3 of Minn.Stat. § 340A.801 referring to an exception for claims by "a spouse, child, parent, guardian, or other dependent of an intoxicated person" for "injury to person, property, or means of support." *Compare* 1987 Minn.Laws ch. 152, art. 1, § 1, with *Kuiawinski v. Palm Garden Bar*, 392 N.W.2d 899 (Minn.App.1986) *pet. for rev. denied* (Minn. Oct. 29, 1986). Despite the deletion, the interpretation in *Paulson* is controlling in this case. That deletion can in no way be read to create imputation where there was none before. Reversing the trial court, we said in *Paulson:*

> In applying the comparative negligence of [decedent] to reduce the award for pecuniary loss to [plaintiffs], the trial court in effect determined that the phrase 'governed by section 604.01' in the dram shop statute meant that comparative fault was to be applied to all pecuniary loss awards, *regardless of the status of the person to whom the award was made*. We do not believe that such an expansive interpretation of this phrase is warranted.
>
>    *    *    *    *    *    *
>
> In effect, the * * * statute provides for absolute liability of the vendor for the entire amount of damages awarded to a spouse, child, parent, guardian or other dependent of an intoxicated person, with the exception that the comparative fault *of these persons* shall be applied to reduce the amount of pecuniary damages they can collect.

*Paulson*, 450 N.W.2d at 382, 383 (emphasis in original).

Because *Paulson* interpreted the effect of comparative fault on an innocent plaintiff who did not fall under the exception

then in the statute, it is controlling in this case. Thus, the effect of applying comparative fault to innocent third parties is to reduce their awards against a dram shop *only* to the extent that *their own negligence* contributed to the loss. If the legislature wishes the fault of the intoxicated person to be imputed to innocent plaintiffs, it may easily so specify by using the unambiguous word "impute."

### DECISION

The negligence of decedent Karl Bushland is not imputed to his minor son Ryan, the plaintiff in this case. The award of damages to Ryan Bushland against Doc & Eddy's is neither reduced nor barred.

Affirmed.