**Dawn KUIAWINSKI and Tyrel Kuiawinski, a minor, appearing by his natural guardian, Dawn Kuiawinski, Respondents,**

v.

**PALM GARDEN BAR, Appellant,**

and

**Lawrence Lake American Legion Post No. 476, Respondent.**

No. CO–86–447.

Court of Appeals of Minnesota.

Sept. 2, 1986.

Review Denied Oct. 29, 1986.

Stephen S. Eckman, Eckman, Strandness & Egan, Minneapolis, for respondents.

Timothy W. Waldeck, Foster, Waldeck & Lind, Minneapolis, for appellant.

Gerald J. Brown, Brown, Andrew, Hallenbeck, Signorelli & Zaller, Duluth, for Lawrence Lake American Legion Post No. 476.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This case comes before us on a certification by the trial court for consideration of a decision that is "important and doubtful." See Minn.R.Civ.App.P. 103.03(h). The trial court construed recent legislation and determined that in a Dram Shop action, contributory negligence is not imputable to the spouse or child of an alleged intoxicated person (A.I.P.) and that any fault on the part of the A.I.P. does not in any way bar or diminish the ability of the spouse or child to recover. The trial court also determined that despite some conflicting legislation, the plaintiffs in this case were not prevented from suing for pecuniary loss. We affirm.

## FACTS

Decedent Richard Kuiawinski died on July 30, 1985 from injuries received in a one-car accident on July 27, 1985. The decedent was allegedly intoxicated at the time of the accident, and his wife and child brought a Dram Shop action against two taverns that had served decedent.

A. Shortly before this accident occurred, the Minnesota Legislature had been working to amend the state's Dram Shop statutes. The complexity of the legislative manipulations of the statute requires a detailed explanation.

Prior to July 1, 1985, Minnesota's Dram Shop statute stated as follows:

> Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, or incurs other. pecuniary loss by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by illegally selling or bartering intoxicating liquors or non-intoxicating malt liquors, caused the intoxication of that person, for all damages sustained. All damages recovered by a minor under this section shall be paid either to the minor or to his parent, guardian, or next friend, as the court directs. All suits for damages under this section shall be by civil action in any court of this state having jurisdiction. Actions for damages based upon liability imposed by this section shall be governed by section 604.01. The provisions of section 604.01, as applied under this section, do not apply to actions for injury to person, property, or loss of means of support brought by a husband, wife, child, parent, guardian or other dependent of an intoxicated person.

Minn.Stat. § 340.95 (1984). Section 604.01 is Minnesota's comparative fault statute and provides for the decreasing in an award of civil damages by the proportion that a tort victim was contributorily negligent. See id. § 604.01. Thus, section 340.-

95 provided that the award of civil damages to an eligible relative, guardian, or dependent of an alleged intoxicated person (A.I.P.) would not be diminished because of any individual's contributory fault. *See id.*

On June 5, 1985, the Minnesota Legislature approved the repeal of section 340.95 and approved section 340A.801 to replace it. *See* 1985 Minn.Laws ch. 305, art. 10, § 1; art. 12, § 5; art. 13, § 1. That amendment stated in pertinent part as follows:

> A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages. All damages recovered by a minor under this section must be paid either to the minor or to the minor's parent, guardian, or next friend as the court directs.

> All suits for damages under this section must be by civil action in a court of this state having jurisdiction.

> Actions under this section, except for actions for injury to person, property, or means of support brought by a spouse, child, parent, guardian, or other dependent of an intoxicated person are governed by section 604.01.

1985 Minn.Laws ch. 305, art. 10, § 1. The effective date of this legislation was August 1, 1985, because no other date was specified. *See* Minn.Stat. § 645.02.

On June 7, 1985, the legislature approved legislation that again amended section 340.-95. *See* 1985 Minn.Laws ch. 309, §§ 12, 14. That legislation, which was expressly effective July 1, 1985, provides as follows:

> Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, or incurs other pecuniary loss by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any per-

son who, by illegally selling or bartering intoxicating liquors or non-intoxicating malt liquors, caused the intoxication of that person, for all damages sustained. All damages recovered by a minor under this section shall be paid either to the minor or to his parent, guardian, or next friend, as the court directs. All suits for damages under this section shall be by civil action in any court of this state having jurisdiction. Actions for damages based upon liability imposed by this section shall be governed by section 604.-01. The provisions of section 604.01, as applied under this section, do not apply to actions for injury to person, property, or loss of means of support brought by a husband, wife, child, parent, guardian or other dependent of an intoxicated person.

> \*    \*    \*    \*    \*    \*

> *In the case of an individual who is deceased and where a person is found liable under this section for a person's death, the individual or those claiming damages on the person's behalf, shall be conclusively presumed collectively to be damaged in a minimum amount of $30,000; provided, however, that nothing herein shall prevent a claimant from recovering a greater amount of damages to the extent allowable and proven under this section.*

*Id.* Thus, it appears the legislature removed from section 340.95 the right to sue for pecuniary loss, substituting the $30,000 provision for that right.

On June 28, 1985, during the 1985 First Special Session, the legislature corrected its amendments to chapter 340 of the Minnesota Statutes by advising the revisor that

> [i]f a provision in Minnesota Statutes, chapter 340 is amended by the 1985 regular session and H.F. No. 1145 is enacted by the 1985 regular session the revisor shall codify the amendment consistent with the recodification of chapter 340 by H.F. No. 1145 *notwithstanding any law to the contrary.*

1985 Minn.Laws 1st Spec.Sess. ch. 16, art. 2, § 3 (emphasis added). House File No.

1145 was enacted as chapter 305 (see *supra* for the text of chapter 305), so it appears from chapter 16 of the first special session that where chapter 305 and chapter 309 were inconsistent, the text of chapter 305 prevailed. (The trial court stated that chapter 16 of the first special session demonstrates "rather conclusively * * * that no one, not even the Legislature itself, knows what legislation is passed during the last hours of the legislature, largely through the compromises effected by the conference committee * * *.")

The revisor of statutes codified chapters 305 and 309 as follows:

A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages. All damages recovered by a minor under this section must be paid either to the minor or to the minor's parent, guardian, or next friend as the court directs.

All suits for damages under this section must be by civil action in a court of this state having jurisdiction.

Actions under this section are governed by section 604.01.

   *    *    *    *    *    *

In the case of an individual who is deceased and where a person is found liable under this section for a person's death, the individual or those claiming damages on the person's behalf, shall be conclusively presumed collectively to be damaged in a minimum amount of $30,000; provided, however, that nothing herein shall prevent a claimant from recovering a greater amount of damages to the extent allowable and proven under this section.

Minn.Stat. § 340A.801 (Supp.1985). The revisor erroneously omitted the right to sue for the recovery of pecuniary loss. *See* 1985 Minn.Laws ch. 305, art. 10, § 1 (retains right to recover for pecuniary loss);

1985 Minn.Laws 1st Spec.Sess. ch. 16, art. 2, § 3 (chapter 305 of Minnesota Laws prevails over any contrary law). The revisor also erroneously codified the $30,000 damages provision from chapter 309 because it is inconsistent with chapter 305. The pecuniary loss provision from chapter 305 should have been retained and should not have been substituted by the $30,000 provision, which was in essence designed to be a replacement for the pecuniary loss provision. Likewise, the applicability to all cases of the comparative fault statute (section 604.01) was retained by the revisor, in derogation of the provisions of chapter 305. Since the law of chapter 305 prevails over any contrary law, the inapplicability of the comparative fault statute to certain parties should have been retained.

The revisor properly included in the codification of chapters 305 and 309 any material in chapter 309 that did not conflict with chapter 305. Thus, for the purpose of the lawsuit presented by this case, all provisions of section 340.95 (now codified at section 340A.801) apply; because of chapter 16 of the first special session, no substantive changes were made to section 340.-95.

B. Respondents Dawn and Tyrel Kuiawinski brought a Dram Shop action under section 340.95 against two taverns decedent Richard Kuiawinski visited on the night of his accident. Respondents asserted that appellant Palm Garden Bar and respondent-defendant American Legion Post No. 476 illegally sold intoxicating liquor to decedent Richard Kuiawinski when he was obviously intoxicated. *See* Minn. Stat. §§ 340.73; 340.14, subd. 1a (it is illegal to sell intoxicating liquor to a minor or any person who is obviously intoxicated). In its answer, Palm Garden claimed that the fault of the decedent in becoming intoxicated and causing his accident should be imputed to the respondents and should serve to bar or diminish respondents' recovery. Respondents made a motion to the trial court to strike from Palm Garden's answer the assertion that decedent's fault is imputable. The trial court determined

that the revisor of statutes had erroneously codified provisions of chapter 309 and had failed to codify certain provisions of chapter 305. The trial court ordered that section 340A.801 of the Minnesota Statutes be revised and rewrote the statute in pertinent part as follows:

Subdivision 1. Right of action. A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages. All damages recovered by a minor under this section must be paid either to the minor or to the minor's parent, guardian, or next friend as the court directs.

Subd. 2. Actions. All suits for damages under this section must be by civil action in a court of this state having jurisdiction.

Subd. 3. Comparative Negligence. Actions under this section, except for actions for injury to person, property or means of support brought by a spouse, child, parent, guardian, or other dependent of an intoxicated person are governed by section 604.01.

Therefore, for the purposes of this lawsuit, there are no substantive differences between original section 340.95 and the new section 340A.801. The trial court, although expressing itself as "completely satisfied" that its revision of the statute was correct, certified the case to this court because the trial court ruling is "important and doubtful for purposes of an immediate appeal." *See* Minn.R.Civ.App.P. 103.03(h) (an appeal may be taken to the Court of Appeals "if the trial court certifies that the question presented is important and doubtful, from an order which denies a motion to dismiss for failure to state a claim upon which relief can be granted or from an order which denies a motion for summary judgment.").

## ISSUES

1. Did the trial court properly construe and revise the legislative amendments to the Dram Shop statutes?

2. Did the trial court properly order stricken appellant's assertion that the fault of the decedent should be imputed to respondents?

3. Should this court consider other issues raised by the parties?

## ANALYSIS

■ A. When construing statutes, the courts are to determine and give effect to the intent of the legislature. Minn.Stat. § 645.16. If the revisor has erred in codifying legislative enactments, it is the duty of the judiciary to give effect to the legislative intent and not to the letter of the law as codified because the revisor lacks the authority to make changes in the law. *State v. Village of Pierz*, 241 Minn. 37, 41, 62 N.W.2d 498, 501 (1954).

■ The trial court scrupulously scrutinized the legislation from the summer of 1985 as it pertained to the amendment of section 340.95. In doing so, the court determined, from chapter 16 of the first special session, that the intent of the legislature was to pass into law chapter 305 *in toto* and those provisions of chapter 309 that did not conflict with chapter 305. The action of the court in rewriting the statute is consistent with what the legislature intended; the revisor of statutes, as the trial court found, made a patent error when the amendments were codified. Therefore, we approve the trial court's revision of section 340A.801.

■ B. Palm Garden argues that the trial court erred when it ordered portions of its answer stricken. A trial court may, upon motion of a party or upon its own initiative, order stricken from a pleading any insufficient defense. Minn.R.Civ.P. 12.06. Since the trial court's revision of section 340A.801 made a nullity of Palm Garden's assertion that the decedent's negligence should be imputed, that defense

was insufficient and was properly stricken from Palm Garden's answer.

C. Palm Garden also seeks discretionary review by this court of other issues raised. The case has not been tried and the time is not ripe for review of these issues.

### DECISION

The trial court properly revised section 340A.801 of the Minnesota Statutes to comply with legislative intent. The trial court properly ordered stricken from appellant's answer any insufficient defenses. We decline to review other issues raised.

Affirmed.

CRIPPEN, J., dissents.

CRIPPEN, Judge, dissenting.

I respectfully dissent.

The revisor of statutes was instructed by the Minnesota Legislature to codify certain enactments, including an act approved on June 7, 1985 (1985 Minn.Laws ch. 309, §§ 12, 14), "consistent with the recodification of chapter 340" approved on June 5 (1985 Minn.Laws ch. 305). 1985 Minn.Laws 1st Spec.Sess. ch. 16, art. 2, § 3. The revisor looked upon the special session instruction as one aimed at preserving the matters of form in the recodification on June 5, principally including the renumbering of sections of Minn.Stat. ch. 340 as sections of ch. 340A.

The trial court concluded that the special session enactment set aside the substance of the June 7 enactment (ch. 309), not just its obsolete references to a section of Minn. Stat. ch. 340. This conclusion does violence to the legislature's declarations, and we should disapprove this construction.

"Every law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (1984). The special session law can be reasonably construed without reading into it a repeal of the June 7 enactment. The three 1985 enactments are not irreconcilable, and none need be disregarded. *See id.* § 645.26 (1984). In addition, I fail to find what others see in such abundance, indications of the intent of the legislature not to do what was rather remarkably done on June 7. *See id.* § 645.16. Legislative intentions on June 7 are evident, and the Minnesota Supreme Court has already said that it cannot "blind" itself to the concerns of the legislature indicated by its action on that date. *Herrly v. Muzik,* 374 N.W.2d 275, 279 (Minn.1985).

It is evident that the June 7 enactment presents troublesome issues of construction, together with other questions as to the legality of the enactment. In my opinion, the judiciary must address and resolve those questions.